Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ALLIE HOBERTIS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* COLUMBIA SHIRT COMPANY, INC., Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, January 8, 1919.

**Workmen's Compensation Law — award for loss of eye — prior defective vision immaterial.**

It is proper for the State Industrial Commission to make an award for the permanent loss of the use of an eye although the claimant formerly was nearsighted, not having to exceed fifty per cent normal vision, where it appears that her work before the accident was satisfactory to her employer.

APPEAL by the defendants, Columbia Shirt Company, Inc., and another, from an award and order of the State Industrial Commission, entered in the Albany office of the Commission on the 5th day of June, 1918.

*Alfred W. Andrews* [*John N. Carlisle* of counsel], for the appellants.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken, Deputy Attorney-General*, of counsel], and *Robert W. Bonynge*, counsel for the State Industrial Commission, for the respondents.

LYON, J.:

The claimant lost the use of an eye. She was near sighted, having not to exceed fifty per cent vision. The appellants

claim she should only be allowed for the loss of one-half vision. The Commission made an award for the permanent loss of the use of an eye. From such an award this appeal is taken.

The statute does not provide that the loss of the use of an eye shall be compensated by an award based upon the amount of vision which existed previous to the accident, whether it be fifty per cent or eighty per cent of vision lost. It awards specific compensation for the loss of an eye. It is a matter of common knowledge that very few persons have complete and perfect vision. The claimant was working with defective vision. So far as appears her work was entirely satisfactory to her employer, at least so far as the wages she received. The wages received by her must be considered her wage· earning capacity with defective vision. She lost the use of her eye, such as she had, and is entitled to compensation therefor based upon her earning capacity.

The award should be affirmed, with costs.

Award unanimously affirmed.