Before STATE INDUSTRIAL BOARD, Respondent.

EMIL PRZEKOP, Respondent, *v.* RAMAPO AJAX CORPORATION and Another, Appellants.

Third Department, November 20, 1925.

**Workmen's compensation — award — vision of 20/100 under Snellen test does not mean twenty per cent of normal vision — claimant had 20/100 vision under Snellen test several years before accident — board could not assume improvement in one eye because of improvement in other — eighty per cent loss of vision, under Workmen's Compensation Law, § 15, subd. 3, par. p, means eighty per cent of vision at time of accident.**

It was error for the State Industrial Board to make an award to the claimant, under paragraph p of subdivision 3 of section 15 of the Workmen's Compensation Law, on a basis of total loss of the left eye, where the evidence shows that the vision of the left eye of the claimant, according to the Snellen test, was 20/100, for the symbol 20/100, under the Snellen test, does not indicate a fractional part of the vision.

Furthermore, it appears that the claimant's vision was 20/100 under the Snellen test several years prior to the accident, and it was error for the Board to assume that because the claimant's other eye had improved in vision, that the eye in question had likewise improved.

The provisions of paragraph p of subdivision 3 of section 15 of the Workmen's Compensation Law, to the effect that compensation for loss of binocular vision or for eighty per cent or more of the vision of an eye shall be the same as for loss of the eye, when applied to a case wherein the claimant did not have normal vision at the time of the accident, means that the loss must be the equivalent of eighty per cent of the vision remaining at the time of the accident.

APPEAL by Ramapo Ajax Corporation and another from an award of the State Industrial Board made on the 6th day of October, 1924.

*William H. Foster,* for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondents.*

H. T. KELLOGG, J.:

The claimant received an injury to his left eye on May 12, 1923. Tests subsequently made showed the vision of the left eye, according to the Snellen method, to be 20/100. The Industrial Board made an award as for the total loss of an eye. It is provided in the Workmen's Compensation Law, in section 15, subdivision 3, paragraph p, as follows: " Compensation for loss of binocular vision or for eighty per centum or more of the vision of an eye shall be the same as for loss of the eye." The Industrial Board, in making the award, assumed that the Snellen symbol 20/100 signified the retention of twenty

percentum of vision; that the claimant's loss, therefore, was eighty per cent of vision; that accordingly the quoted provision applied. The assumption that 20/100, Snellen, has the significance of a common fraction, or that the Workmen's Compensation Law, by virtue of the section quoted, has stamped 20/100, Snellen, as industrial blindness, has no authority in reason or in authority. (*Struble* v. *Vacuum Oil Co.*, 210 App. Div. 344; S. C., 214 id. 844.) Furthermore, it appears that as early as the year 1914, due to corneal scars resulting from smallpox, the claimant's left eye had 20/100 vision, Snellen test. That the Board believed the testimony given to this effect is shown by the opinion rendered by one of the two members of the Board who signed the findings. Thus, if the claimant was industrially blind after the accident he was similarly blind before the accident, and, therefore, sustained no loss therefrom. The Board had no reason to assume, as it apparently did, that, because the claimant's right eye, which has also been afflicted with corneal scars, had improved from 20/100 to 20/70 between the years 1914 and 1923, the left eye had improved to an equal degree. Furthermore, if we disregard the testimony of the oculist as to the condition of the claimant's left eye in 1914, there was no evidence as to the percentage of vision available to claimant from that eye before the accident. Concededly, claimant's vision had previously been much impaired. It is true that if a claimant, having only fifty per cent vision, loses what remains, he may have a recovery as for the total loss of an eye. (*Hobertis* v. *Columbia Shirt Co., Inc.*, 186 App. Div. 397.) Having lost all vision possessed his loss is total. However, it would be quite a different thing to say that a claimant, whose natural vision was fifty per cent of normal, had sustained a total loss under the eighty per cent provision, when his vision is reduced by an accident to twenty per cent, not of vision possessed, but of normal vision. The " loss " must be eighty per cent. One cannot lose what one has never had. There is here no proof that the claimant possessed a vision, prior to the accident, of which the loss complained of is eighty per cent. Therefore, there was no justification for the award.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event.