In the Matter of the Claim of RALPH DE CAPRIO, Respondent, against GENERAL ELECTRIC COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 11, 1926.

**Workmen's compensation — award of total loss of useful vision of right eye — award is based solely on medical testimony that claimant's central acuity of vision represented by Snellen test is " 20/100 "— Board found that there was eighty per cent loss of useful vision using Snellen test as representing fraction of vision — symbols of Snellen test do not represent common fractions.**

In making an award to the claimant on the basis of total loss of the useful vision of the claimant's right eye, on alleged proof that the claimant had lost eighty per cent of the useful vision of the right eye, the State Industrial Board erred, since it appeared that claimant's field vision and binocular vision were unimpaired, and that the State Industrial Board adopted medical testimony to the effect that under the Snellen test claimant's loss of central acuity of vision was represented by the symbol " 20/100 " and construed that symbol to mean that claimant possessed only twenty one-hundredths of central acuity of vision, and, therefore, he had lost eighty one-hundredths of useful vision of his eye. The symbols of the Snellen test do not represent common fractions.

APPEAL by General Electric Company from an award of the State Industrial Board, made on the 5th day of May, 1926.

*Richmond Moot* [*F. J. Young* of counsel], for the appellant.

*Albert Ottinger*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the State Industrial Board.

HINMAN, J.   An award has been made for total loss of useful
vision of claimant's right eye.   The findings are as follows:  " On
May 22, 1925, while the said Ralph De Caprio was engaged in
the regular course of his employment, and while working for his
employer at his employer's plant in building No. 28, and while
hammering steel thereat, a chip of steel flew off the hammer which
he was using and struck his right eye, and because of the contusion
to the right eye by said steel, claimant sustained a deep ulcer
in the center of said right eye, and because of the injuries  to
claimant's right eye, claimant has sustained the permanent loss
of eighty per cent of the useful vision of the right eye, the per-
manent loss of eighty per cent useful vision of the right eye being
naturally and unavoidably the result of the injuries which claimant
sustained on May 22, 1925; and because of the permanent loss of
eighty per cent useful vision of the right eye claimant, under the
Workmen's Compensation Law, is entitled to the total loss of useful
vision of the said right eye.

" The injuries sustained by the claimant at the time and place
hereinbefore specified caused claimant to lose eighty per cent of
the vision of the right eye in such accidental injury arising out of
and in the course of his employment, taking into consideration
the acuity of vision, field vision, binocular vision, and all other
attributes of vision."

There is a conflict of medical opinion as to the percentage loss
of vision, taking into consideration claimant's central visual acuity,
binocular vision and field vision.   There is also a conflict of medical
opinion as to claimant's loss of central acuity of vision as repre-
sented by the Snellen test.   It was the opinion of Dr. Bedell that
claimant's vision of the right eye, according to the Snellen method
of expression, is " 20 /30."   Dr. Acheson's opinion was that the
vision of claimant's right eye, according to the same Snellen test,
is " 20 /100."   The difference is accounted for by Dr. Bedell on
the basis that the claimant was a malingerer as demonstrated to
his satisfaction under malingering tests conducted by him which
Dr. Acheson did not use.   It was the exclusive province of the
State Industrial Board to accept or reject the testimony of Dr.
Bedell.   Accepting, however, the opinion of Dr. Acheson as the basis
of the Board's finding, which is the only other medical testimony
in the record, we are again confronted with the question which
was passed upon by the court in the case of *Struble* v. *Vacuum Oil
Co.* (210 App. Div. 344) and also in subsequent appeals in that
case (214 id. 844; 217 id. 411, 413).   The question in the case
was whether an award for percentage loss of use of an eye could
rest upon testimony to the effect that the Snellen symbols, such

as " 20/100," constituted common fractions of the unit of vision and we held that such an interpretation was a dogmatic assertion which led to absurdities which contradicted and disproved the theory. When that case came to us upon the final appeal (217 App. Div. 411, 413) we reiterated our views on that subject but affirmed the award because of new evidence showing substantial loss in other attributes of vision in addition to a loss of visual acuity. Practical considerations as well as medical opinion seemed to clearly sustain the finding of a loss of sixty per cent of useful vision.

In the present case there is no evidence to support the finding of a total loss of useful vision in claimant's right eye except the deduction of Dr. Acheson that " 20/100 " Snellen notation is to be interpreted as meaning one-fifth of normal central visual acuity or twenty per cent visual efficiency, which in turn means an eighty per cent loss. He found claimant's field vision and binocular vision unimpaired and concluded that his total loss of vision was eighty per cent, which under the statute is equivalent to the total loss of the eye. (Workmen's Compensation Law, § 15, subd. 3, ¶ p.) Thus Dr. Acheson has interpreted the Snellen notation as a common fraction in the manner condemned by this court in the *Struble Case* (*supra*). Claimant's other attributes of vision being concededly unimpaired, the loss as determined by the Board rests exclusively upon the interpretation of the Snellen notation given by Dr. Acheson. That interpretation and the finding of the State Industrial Board, based upon it, is contrary to the prevailing opinion in the American Medical Society and is a mere " dogmatic assertion which begged the question " and " leads to absurdities which contradict and disprove the theory," as we said in *Struble* v. *Vacuum Oil Co.* (210 App. Div. 344, 346, 347). We conclude that the State Industrial Board was in error in finding that claimant has lost the total useful vision of his right eye.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.