In the Matter of the Claim of ANDREW BERVILACQUA, Respondent, against STEPHEN C. CLARK and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.*

Third Department, January 16, 1929.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the State Industrial Board.

HILL, J. Claimant received an injury to his left eye which necessitated its removal. An award has been made for 160 weeks. Appellants argue that the full compensation provided by paragraph e of subdivision 3 of section 15 of the Workmen's Compensation Law (as amd. by Laws of 1924, chap. 317), should not be awarded to the claimant, because the normal vision of the eye which he lost was only twenty-sixtieths of the theoretically normal eye which the experts used as a standard. This contention is not supported by the authorities. (*Hobertis* v. *Columbia Shirt Co.*, 186 App. Div. 397; *Przekop* v. *Ramapo Ajax Corp.*, 214 id. 512.) The reasoning in the *Hobertis* case is persuasive (p. 398): " The claimant was working with defective vision. So far as appears her work was entirely satisfactory to her employer, at least so far as the wages she received. The wages received by her must be considered her wage-earning capacity with defective vision. She lost the use of

her eye, such as she had, and is entitled to compensation therefor based upon her earning capacity."

The word " disability," as used in subdivision 7 of section 15, is descriptive of a condition resulting from an injury received and does not apply to functional defects resulting from a natural cause.

The authorities relied upon by my associates who disagree with these conclusions have to do with injuries which have caused partial loss of vision and the application of paragraph p of subdivision 3 of section 15, thereto. The opinion in the *Przekop* case distinguishes clearly between total loss of vision, as here involved, and a partial loss (p. 513): " Having lost all vision possessed his loss is total. However, it would be quite a different thing to say that a claimant, whose natural vision was fifty per cent of normal, had sustained a total loss under the eighty per cent provision, when his vision is reduced by an accident to twenty per cent, not of vision possessed, but of normal vision. The ' loss ' must be eighty per cent. One cannot lose what one has never had."

The award should be affirmed, with costs to the State Industrial Board.

VAN KIRK, P. J., and DAVIS, J., concur; HINMAN, J., dissents, with an opinion in which WHITMYER, J., concurs.

HINMAN, J. (dissenting). The claimant had to have his left eye removed as the result of an injury. Eight months before the injury in question, Dr. Brownell found that claimant had a slight attack of herpes in that eye but made a complete recovery. Claimant at that time had twenty-sixtieths vision with correction, which Dr. Brownell said was claimant's normal vision in that eye. It was an unequal vision which he had had all his life and was not due to disease or accident. The accident in question deprived him of all the vision he had. His loss represented only a one-third loss of full vision but it also represented more than eighty per cent loss of such vision as he had at the time of the accident. In following our early decision in *Hobertis* v. *Columbia Shirt Co.* (186 App. Div. 397) and what was said in *Przekop* v. *Ramapo Ajax Corp.* (214 id. 512) the majority of our court interpret paragraph p of subdivision 3 of section 15 of the Workmen's Compensation Law as meaning that the loss of vision must be the equivalent of eighty per cent of the vision possessed at the time of the accident. It is my opinion, however (expressed in our decisions in *Ladd* v. *Foster Bros. Mfg. Co.*, 205 App. Div. 794; *Lewis* v. *Lincoln Engineering Corp.*, 213 id. 545; *Di Carlo* v. *Elmwood Construction Co.*, 215 id. 857; *Matter of Dickinson* v. *Teals' Sons*, 222 id. 705; *Matter of Swan* v. *U. S. Light & Heat Corp.*, Id. 704; and in the present case on former

appeal, Id. 784) that paragraph p of subdivision 3 of section 15 must be read in conjunction with subdivision 7 of section 15 (formerly subd. 6, as amd. by Laws of 1915, chap. 615; Laws of 1916, chap. 622, and Laws of 1917, chap. 705; renum. by Laws of 1922, chap. 615). Subdivision 7 provides in part as follows: "Previous disability. * * * provided, however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability." Subdivision 7 applies to the eye as well as to the other members mentioned in subdivision 3 of section 15. If before this accident claimant had had a previous accident which resulted in an award for loss of fifty per cent of vision in that eye, there would be no doubt. We would not permit a subsequent award for total loss of the eye if the other fifty per cent of vision were lost in a second accident. The question is whether the same rule applies no matter what caused the "previous disability," that is, whether a congenital defect or due to disease or another accident. The statute does not define the term "disability." It must be given its plain, ordinary meaning. It applies to any condition less than normal which is disabling to any measurable extent, due either to disease, injury or malformation at birth. If the Legislature had intended to refer only to a disability previously occasioned in an accident in a hazardous employment it would have used the expression "previous injury," the term "injury" being defined in the statute to mean "only accidental injuries arising out of and in the course of employment and such ·disease or infection as may naturally and unavoidably result therefrom." (Workmen's Compensation Law, § 2, subd. 7.) The legislative use of a broader term is significant. The claimant, cannot, of course, lose a larger percentage of normal vision than he ever had; neither can he be awarded for total loss of an eye under paragraph p of subdivision 3 of section 15 if he never possessed eighty per cent or more of vision in that eye. His previous disability should be taken into consideration under subdivision 7 of section 15 and proper allowance made for a previous defect. It may well be that the Legislature fixed eighty per cent as representing total loss of full normal vision in recognition of the well-known fact that very few eyes are entirely normal according to accepted medical standards for full normal vision. Moreover, if the eighty per cent clause were to be applied to the percentage of vision which a claimant had at the time of the accident, a workman would receive 160 weeks' compensation whether he had a useful eye before or not, or whether his previous disability amounted to less than twenty per cent of full normal vision or as

much as seventy-eight per cent or even the equivalent of light perception only. This is not a reasonable classification and I hold that such was not the legislative intent.

It is my opinion that the award should be reversed and remitted to the State Industrial Board to make proper allowance for claimant's previous defect in vision.

WHITMYER, J., concurs.

Award affirmed, with costs to the State Industrial Board.