**JOYCE v. UNITED STATES DEPUTY COMMISSIONER FOR FIRST COMPENSATION DIST. (EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, Intervener).**

District Court, D. Maine. April 2, 1929.

No. 911.

Edward J. Harrigan, of Portland, Me., for plaintiff.

William B. Mahoney, of Portland, Me., for intervener.

PETERS, District Judge. This is a proceeding under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950), asking the intervention of this court in suspending or modifying an award of a deputy commissioner on the ground that it is not in accordance with law. In support of that allegation the plaintiff avers that the deputy commissioner went outside the evidence, ignored it, and made a finding inconsistent with it. The interveners defending have filed an answer with a demurrer. As some evidence has been introduced, including the record of the proceedings before the deputy commissioner, it may be simpler to decide the case on the merits.

It is perfectly clear that the Congress in passing this act intended to make an administrative provision for the benefit of a certain class of workers to be used and construed with the utmost liberality toward them. The plaintiff complains that the deputy commissioner was not governed by the evidence before him; but he is specially authorized by the act to ignore the usual rules of evidence and procedure and permitted to make an inquiry on his own account "in such manner as to best ascertain the rights of the parties." The machinery set up by this act and its operation are novel and quite extrajudicial,

and it is plain that the courts are not authorized to interfere unless the award is clearly not in accordance with law.

It is claimed that here that situation exists, because as alleged there was no evidence to support the order of the deputy commissioner; but that can hardly be said to be the case where the injured man and his maimed hand were examined by the deputy commissioner, who evidently considered that the testimony of two doctors, called by the plaintiff, as to the percentage of disability due to the loss of parts of two fingers, should be modified by the facts as observed by him supplemented by the application of the rigid rules of compensation specified in the act and covering every particular finger.

The plaintiff has evolved a theory that the deputy commissioner reached his conclusion of a 40 per cent. disability because a doctor, not a witness, so wrote him, the letter having been found among the papers of the case.

Even if this should be grounds for setting aside the award—of which I am very doubtful—it is apparent that the deputy might have come to the same conclusion himself from his observation of the hand of the plaintiff. It is not wholly a medical question after the hand has come to its permanent condition. The judgment of the deputy commissioner should be as good as that of a doctor.

There is no appeal from the finding of the deputy commissioner. His award is final. It is only when it is shown that he has not proceeded according to law that the court has any jurisdiction.

A pure question of fact was before the deputy and decided by him. He had a right to ignore the opinion of the doctors and to rely on other evidence and his own observations and judgment.

I do not find that the court in this case is authorized to interfere with the action of the deputy commissioner, and the judgment must be, bill dismissed, with costs.

A decree may be entered accordingly.