## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. MARSHALL, Deputy Commissioner.

### No. 731.

District Court, W. D. Washington, N. D.
April 25, 1931.

De Wolfe Emory, and Poe, Falknor, Falknor & Emory, all of Seattle, Wash., for plaintiffs.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., for defendant Marshall.

John F. Dore and Louis E. Haven, both of Seattle, Wash., amici curiæ.

BOURQUIN, District Judge.

In this review of a longshoreman's compensation order, the employer and insurer allege it is "arbitrary" and "not in accordance with law," for that at the hearing they presented the only medical testimony and "showing without dispute" that the longshoreman had so far recovered that he "was able to perform any form of labor which did not involve heavy lifting or being on his feet constantly," and that, notwithstanding this testimony, the deputy made a finding that total disability continued, and made award accordingly. To first advert to the principles applicable, the Longshoremen's Act creates new and exclusive rights, and the remedy of review whether or not also exclusive.

Statutory review is limited to the record before the deputy, and to issues of law only, viz. (1) whether the proceedings before the deputy were so far fair and regular and free from prejudicial error as to measure up the requirements of due process, and (2) whether there is substantial evidence legally sufficient to support the deputy's findings. He, in the category of special tribunals, his reasonable determination in respect to credibility, conflict, weight, and inference, like that of any other trier of facts, is presumed valid, is conclusive, and not to be superseded by the judgment of a reviewing tribunal, even though it be disposed to differ.

The evidence before the deputy was that in May, 1928, the longshoreman was 36 years of age, 6 feet, 1 inch high, weighing 195 pounds, and sound save for a leg some atrophied in the calf and 1 inch shorter than the other.

From a falling boom he suffered contusions, fracture of the transverse processes of several lumbar vertebræ, dislocation of the pubic bones, and "fracture dislocation" of the right sacroilliac joint. In consequence he was 10 weeks in a plaster cast, 6 months on crutches, and 12 months in a hospital. As for total disability he was paid compensation without award for some 19 months, and the amount then controverted by plaintiffs, the hearing was had in January 1930.

At that time he had gainted 25 pounds, the fractures of the transverse processes were well healed, the pubic dislocation endured to the extent of 1 inch "upward," "forward," the sacroilliac joint was some wider than the other, in it and the spine some arthritis, some bony deposit at the pelvic dislocation, an unexplainable discrepancy between the latter and the sacroilliac joint "at the other end;" reflexes present, equal, and normal, no anæsthesia, some time before, then, and thereafter he was extremely nervous, "jumpy," very emotional to the point of tears when testifying, which, though reflexes indicated no "organic nervous injury," yet was so far baffling that the orthopédic surgeons testifying for plaintiffs that it "could have happened from an injury," may be "temporary like stage fright," declared they were "not able to pass on it now," "not qualified," does not "know what it is. It is a new one"; and, though there is no physical reason why the longshoreman could not follow various suggested occupations without much lifting or standing, in that "nervous state" "of course he could not do it. He could not be trusted;" and that is why the doctor "said that physically he could do these things."

The longshoreman testified he had failed in various light labors, was unable to work, knew nothing but "to use his hands and back." In view of the foregoing, it is clear that it appears there is substantial evidence legally sufficient to support the deputy's finding of continued total disability.

If it be granted that plaintiff's medical testimony is undisputed and to be accepted at face value, if is not irreconcilable with the inference that, though the longshoreman has physical ability, his impaired mentality and nervous organization disable him to reasonably function.

This is not the Grays Harbor Case (D. C.) 36 F.(2d) 814, to which plaintiffs appeal. There the longshoreman failed in the beginning to prove total disability; here, he did prove it; and plaintiffs later sought to prove change in that status to which attaches some presumption of continuity. In that burden they failed. Proceedings dismissed, with costs.