In the Matter of the Claim of PAUL PYSHNACK, Respondent, against HENRY FORGE & TOOL, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant of 100 per cent loss of use of the right eye. The Board has found that on October 5, 1934, while claimant was working on a press machine, a piece of steel entered his right eye and that the accident resulted in detachment of the retina with resulting 100 per cent permanent loss of use of the right eye. The appellant claims that the award is improper for the reason that claimant was industrially blind previous to the accident. The claimant testified that before the accident he never used glasses; that he never went to a doctor for his right eye; and that he could see with it " alright." The award was proper. (See *Matter of Bervilacqua* v. *Clark*, 225 App. Div. 190; affd., 250 N. Y. 589; *Matter of Truesdell* v. *Albany Hospital for Incurables*, 262 id. 662; *Matter of Sortino* v. *Merchants' Despatch, Inc.*, 268 id. 508.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ALICE M. WASTIE, Appellant, against TOMPKINS McILVAINE and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent. — Appeal by the claimant from an award of the State Industrial Board commuting the unpaid balance of an award under section 17 of the Workmen's Compensation Law. The claimant had lived in this country for thirty years. She went abroad for visits but always with intention of returning. She was in this country at the time of the award. An examination of the record shows that claimant was not a non-resident alien residing in England. Decision commuting award reversed and award reinstated, with costs to the claimant against the employer and the insurance carrier. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents.

In the Matter of the Claim of BEATRICE DAVIS, Respondent, against EDWARD J. ANDERSON and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Appeal from award of death benefits. It was stipulated that the only point to be raised in this court was whether there was causal relationship between the accident of December 13, 1932, and the death. Deceased had sustained a hernia as the result of this accident and underwent an operation to correct it. Before the operation the surgeon was instructed by deceased to look after anything that might be necessary or connected with the operation. Upon the incision being made the surgeon discovered that the appendix was diseased and close to the sac and it was removed as an incident to the operation for the hernia. A few days later deceased died of internal hemorrhage, probably caused by the slipping of a ligament around one of the arteries, either that around the appendix or that around the mesentery of the appendix. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents.