In the Matter of the Claim of STELLA RAWSON and Others, Respondents, against POUSHEY STEEL CONSTRUCTION COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The appellants appeal from an award to claimants for the death of George Rawson. Appellants claim that the decedent was an independent contractor and not an employee. The record shows that the decedent was an employee of Poushey Steel Construction Company. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of MANNIE FEUERSTEIN, Respondent, against A. FEDER & Co., INC., and THE OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD., Appellants, and MARYLAND CASUALTY COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award in favor of claimant. On February 17, 1930, claimant was working for the employer, an awning manufacturer, and while lifting a bundle of iron awning frames sprained his back and by reason thereof suffered a partial disability. Later and on November 17, 1933, while engaged in the same employment and while lifting an awning he again sprained his back and sustained disability. The Board has found the disability was contributed to by both accidents and has made the award against the employer and both the carrier which was the insurer at the time of the first accident and the carrier which was the insurer at the time of the second accident. The appellant carrier asserts that it is not liable in whole or in part for the award. The evidence sustains the finding of the Board. Award unanimously affirmed, with costs to the respondent Maryland Casualty Company against the appellants. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of LOUIS LA BELLE, Respondent, against BRITTON STONE AND SUPPLY CORPORATION and STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The appellants contend that because the claimant was industrially blind at the time of the accident he was not entitled to an award for 100 per cent loss of vision. The prior accident causing said industrial blindness was not caused by an industrial accident, and, therefore, cannot be considered and does not bar claimant from a full schedule award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.