LIBERTY STEVEDORING CO., Inc., et al.
v. CARDILLO, Deputy Com'r, et al.
No. 8238.

District Court, E. D. New York.
April 7, 1937.

Patrick S. Mason, of New York City (George J. Hayes, of New York City, of counsel), for plaintiffs.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Clarence Wilson, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for defendant Frank A. Cardillo.

William Blohm, Jr., of New York City, for defendant Antonio Caracciolo.

CAMPBELL, District Judge.

This is a suit in equity brought to review the award made by the Deputy Commissioner and to enjoin enforcement of

said award as provided by Longshoremen's and Harbor Workers' Compensation Act § 21, title 33, § 921, U.S.Code (33 U.S.C.A. § 921).

By stipulation this suit was submitted on the record made before the Deputy Commissioner and briefs of the solicitors for the respective parties.

The facts are as found by the Deputy Commissioner and are as follows:

On the 13th day of November 1934, the claimant above named was in the employ of the employer above named at Brooklyn in the State of New York, in the Second Compensation District established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and that the liability of the employer for compensation under said act was insured by the State Insurance Fund; that on said day, the claimant herein while performing service as a longshoreman for the employer and engaged in lifting a heavy axle, with a crowbar on board the S. S. Thurland Castle, which was afloat in New York Harbor, sustained personal injury resulting in his disability when another axle rolled over his left foot which resulted in lacerated wounds of the great, second, and third toes of the left foot; that written notice of injury was not given within thirty days, but that the employer had knowledge of the injury and had not been prejudiced by lack of such written notice; that the employer furnished the claimant with medical treatment, etc., in accordance with section 7 (a) of the said act (33 U.S. C.A. § 907 (a) and note); that the average annual earnings of the claimant herein at the time of his injury amounted to the sum of $1,248; that following and as the result of the injury, an infection developed in the injured foot; that the claimant was admitted to the Long Island College Hospital on November 24, 1934, with a diagnosis of cellulitis and lymphangitis of the left foot, leg, and thigh; that after his discharge from the hospital on December 10, 1935, medical treatment was continued at the hospital clinic; that several days thereafter, and also as a result of the injury, an ulcer developed on the ball of the injured foot; that the claimant was under continual medical treatment at the hospital clinic for approximately one and one-half years; that during this period, the ulcer remained unhealed and that there were several recurrences of the infection in the foot and leg; that the claimant was read-

mitted to the Long Island College Hospital on July 6, 1936; that two days prior to his readmission, the infection had again recurred in the injured foot and extended into the leg, including the knee; that he also had a general toxemia and debility; that X-rays taken following his readmission on July 6, 1936, disclosed evidence of an old chronic osteomyelitis of the lower half of the left femur but no areas of active bone destruction or evidence of acute or active osteomyelitis; that due to toxicity and the long-standing chronic nature of the leg infection caused by the injury, amputation was necessary and was performed at about mid thigh of the left leg; that about twenty-five years prior to the date of this injury, the claimant had an osteomyelitis of the lower end of the left femur; that as the result of such osteomyelitis, the claimant had a claw-foot deformity; that such osteomyelitis and claw foot were due to natural causes; that the claimant nevertheless had a useful foot and leg and satisfactorily and continually performed his regular duties as a longshoreman without difficulty or disability up to the date of this injury; that as a result of the injury, the claimant was wholly disabled from November 14, 1934, to November 13, 1936, inclusive, and is entitled to 104 3/7 weeks' compensation at $16 per week for such temporary total disability; that on the latter date, the stump still showed evidence of inflammation and of discharge, which condition required further medical treatment; that the claimant was wholly disabled on such date and will continue to be wholly disabled until the stump has fully healed; that because of the amputation resulting from the injury, the claimant has lost 100 per cent. of the left leg; that the compensation for temporary total disability to November 13, 1936, inclusive is $1,670.86; that the employer and carrier have paid $1,437.-34 to the claimant as compensation.

On the foregoing facts as found by the Deputy Commissioner, he made an award and compensation order on December 11, 1936, which the plaintiff seeks in this suit to review.

The findings of fact of the Deputy Commissioner are not contrary to, but are supported by, the evidence. See all of the testimony of Dr. Edgar M. Bick (particularly transcript of record of hearing 10–16–36, p. 37) and of Dr. William G. Doran (particularly transcript of record of hearing 11–13–36, pp. 114, 119 and 120).

■ It is true that there is a conflict between the testimony of Dr. Bartley on the one hand, and of Dr. Bick and Dr. William G. Doran on the other, but the question of the weight of the evidence was for the Deputy Commissioner's determination.

■ The Deputy Commissioner was not bound to accept the opinion of Dr. Bartley, but had the right to rely upon his own observations and other evidence. Joyce v. United States Deputy Commissioner (D. C.) 33 F.(2d) 218; Jarka Corporation of Philadelphia v. Norton, Deputy Commissioner (D.C.) 56 F.(2d) 287; Zurich General Accident & Liability Insurance Company v. Marshall, Deputy Commissioner (D.C.) 56 F.(2d) 652.

■ There was evidence to sustain the Deputy Commissioner's findings of fact and they should not be disturbed in a suit to review. Crowell, Deputy Commissioner, v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L. Ed. 598; Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229; Voehl v. Indemnity Insurance Company of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L. Ed. 676, 87 A.L.R. 245; Lumber Mut. Casualty Ins. Co. of New York v. Locke, Deputy Commissioner (C.C.A.) 60 F.(2d) 35.

The plaintiffs contend that the reliable testimony in the record shows that the Deputy Commissioner erred in an award of 100 per cent. loss of use as against the complainants.

This contention is raised by paragraph 8, subdivision eighth, of the complaint, which reads as follows: "The deputy commissioner failed to allow a deduction in his award for the previous disability in accordance with Section 8 of the Act."

Section 8 of the act is title 33, § 908, U.S.Code (33 U.S.C.A. § 908), and subdivision (f) thereof (33 U.S.C.A. § 908 (f), to which plaintiffs must have intended to refer, reads as follows:

"(f) Injury increasing disability:

"(1) If an employee receive an injury which of itself would only cause permanent partial disability but which, combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury:
* * *

"(2) In all other cases in which, following a previous disability, an employee receives an injury which is not covered by (1) of this subdivision, the employer shall provide compensation only for the disability caused by the subsequent injury. In determining compensation for the subsequent injury or for death resulting therefrom, the average weekly wages shall be such sum as will reasonably represent the earning capacity of the employee at the time of the subsequent injury."

■ This issue was not raised before the Deputy Commissioner and cannot be raised for the first time in this suit as it will be considered as having been waived. Southern Shipping Co. v. Lawson, Deputy Compensation Com'r (D.C.) 5 F.Supp. 321.

Even if this defense be considered, title 33, § 908 (f), U.S.Code (33 U.S.C.A. § 908 (f), is not applicable to this suit.

The Commissioner found, in the compensation order of which complaint is made, that the employee had a pre-existing claw-foot deformity in the injured leg as a result of osteomyelitis due to natural causes. Notwithstanding the pre-existing condition, however, the employee, prior to the injury, had a useful foot and leg and satisfactorily performed his regular duties as a longshoreman without difficulty up to the time of the injury he sustained on November 13, 1934.

The pre-existing condition of the employee's injured leg was not due to a previous accidental injury.

■ Section 8 (f) of the act (title 33, § 908 (f) had for its purpose the protection of the employer in the case of a disabled workman who may, while working for such employer receive a subsequent injury, and deals with the combined results of two unrelated injuries.

Section 8 (f) (1) (title 33, § 908 (f) (1), U.S.Code, 33 U.S.C.A. § 908 (f) (1) is limited to cases of total permanent disability resulting from any injury combined with a "previous disability."

■ The Deputy Commissioner found that in the case at bar, the injury did not result in permanent total disability, therefore section 8 (f) (1) has no application.

■ Paragraph (2) of subdivision (f) of the same section relates to situations where the disability from two unrelated injuries is less than permanent total disability. In the case at bar the previous disability of the employee did not result from a previous unrelated injury, and section 8 (f) of the act (title 33, § 908 (f), U.S.Code, 33 U.S.C.A. § 908 (f) does not apply.

732

The words "previous disability," as used in section 8 (f) of the act (title 33, § 908 (f), U.S.Code, 33 U.S.C.A. § 908 (f), are properly construed as meaning a previous injury. Grays Harbor Stevedore Co. v. Marshall (D.C.) 36 F.(2d) 814.

This is the same interpretation as given by the New York State courts to the words "previous disability" as used in the New York Workmen's Compensation Law (Consol.Laws, c. 67), section 15, subd. 7, of which, reading as follows: "7. Previous disability. The fact that an employee has suffered previous disability or received compensation therefor shall not preclude him from compensation for a later injury nor preclude compensation for death resulting therefrom; but in determining compensation for the later injury or death his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury, provided, however, that an employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability," is in effect similar to section 8 (f) of the Longshoreman's Act (title 33, § 908 (f) U.S.Code, 33 U.S.C.A. § 908 (f). Bervilacqua v. Clark, 225 App.Div. 190, 232 N.Y.S. 502, affirmed without opinion 250 N.Y. 589, 166 N.E. 335.

In which case the court, 225 App.Div. 190, at page 191, 232 N.Y.S. 502, 503, said: "The word 'disability,' as used in subdivision 7 of section 15, is descriptive of a condition resulting from an injury received, and does not apply to functional defects resulting from a natural cause."

The Deputy Commissioner found that the osteomyelitis from which the claimant suffered some years ago was due to natural causes.

A decree may be entered in favor of the defendants against the plaintiffs dismissing the complaint on the merits, with costs. Settle decree on notice.

If this opinion is not considered a sufficient compliance with rule 70½ of the Equity Rules (28 U.S.C.A. following section 723), submit proposed findings of fact and conclusions of law in accordance with this opinion for the assistance of the court as provided by rule 70½ of the Equity Rules (28 U.S.C.A. following section 723) and rule 11 of the Equity Rules of this court.