In the Matter of the Claim of LUIS TRILLAS, Appellant, against WEIMET FILM Co., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board disallowing appellant's claim for compensation. Before the accident claimant was totally blind in his right eye, and also industrially blind for most purposes in his left eye. However, the undisputed proof apparently indicates that he was not wholly industrially blind for the particular occupation he was engaged in, that of a foreman in a darkroom where films were developed. He testified that he was able to tell whether the white lights were on in the room where he worked and to distinguish between red and green lights. On the outside he was also able to distinguish between red and green traffic lights. This testimony is not only uncontradicted, but it is supported, at least by inference, by the testimony of the eye specialist who treated him both before and after the accident. This physician said that prior to the accident claimant had fairly good light perception, but that his light projection was faulty. Since the accident his vision has steadily decreased in the amount of light perception so that at the time of his last examination there was poor light perception, and this decrease from fairly good light perception to either poor light perception or none at all was due, in the opinion of the specialist, to the accident suffered by claimant. A majority of the board has refused an award for permanent total disability substantially upon the ground that claimant failed to prove little or no impairment in his ability to work. The board's finding in this respect was apparently based on the fact that claimant returned to his employment. However, the proof rather clearly indicates that claimant did not return to the same conditions of employment as a foreman in the darkroom. There was a vigorous dissent by one member of the board who pointed out that claimant's condition was not a matter of minimals but that he had lost a valuable asset in view of his peculiar situation and the work which he was doing. We think the decision of the board is not sustained by substantial evidence and failed to take into consideration some of the important factors which we have indicated. Decision reversed, on the law, and the matter remitted to the Workmen's Compensation Board for further consideration,

with costs to appellant against the Workmen's Compensation Board. Foster, P. J., Brewster, Coon and Imrie, JJ., concur; Bergan, J., dissents in the following memorandum: I dissent upon the ground that it was within the factual power of the board to determine that the present condition of the claimant is not attributable to the accident.