Harrison ENNIS

v.

Stephen O'HEARNE, Deputy Commissioner Fourth Compensation District and Patapsco Ship Ceiling and Stevedore Company and The Travelers Insurance Company.

No. 3623.

United States District Court,
D. Maryland, Admiralty Division.

Sept. 29, 1954.

Avnet & Avnet (Albert Avnet, Advocate), Baltimore, Md., proctors for libelant.

George Cochran Doub, U. S. Atty., and James H. Langrall, Asst. U. S. Attorney, Baltimore, Md., and H. P. Miller, Atty., Dept. of Labor, Washington, D. C., proctors for respondent Deputy Commissioner, and Michael P. Crocker and Joseph H. Young, Baltimore, Md., proctors for respondents Patapsco Ship Ceiling and Stevedore Co. and The Travelers Ins. Co.

THOMSEN, District Judge.

The question involved in this proceeding is whether there is substantial evidence on the record considered as a whole to support the finding of the Deputy Commissioner "that the claimant

had recovered from the effects of his injury of 1 February 1952 prior to 21 June 1953", so that he no longer had any disability due to that injury. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

There were two formal hearings before the Deputy Commissioner: at the first hearing the claimant, who was represented by counsel, testified; at the second hearing written reports from five doctors were admitted in evidence by stipulation, including a report from a psychiatrist, which the Deputy Commissioner had requested at the conclusion of the first hearing.

The Deputy Commissioner found as facts that on 1 February 1952 the claimant was engaged as a stevedore in loading the S. S. C. G. Thelin, and while he was "standing on the head of an oil barrel, the barrel tipped as he moved to avoid a draft of oil barrels which were being lowered into the hold, and in turning to grab hold of the ship's ladder to prevent falling, he twisted his back, resulting in strain of the low back superimposed on a congenital condition described as second degree spondylolisthesis of the fourth lumbar vertebra on the fifth lumbar vertebra with a sacralized fifth lumbar with a spina bifida at the top of the sacrum"; that the employer and carrier furnished the claimant with medical treatment, etc., and paid compensation for temporary total disability at $35 per week until 21 June 1953; "that the claimant definitely refused surgery for his back condition; that the claimant refuses to wear the back brace furnished him on prescription of an orthopedic specialist; that the claimant has refused to seek any kind of employment; that the claimant had recovered from the effects of his injury of 1 February 1952, prior to 21 June 1953."

The order continued: "Upon the foregoing facts it is ordered by the Deputy Commissioner that the claim for compensation subsequent to 21 June 1953 be, and it is hereby Rejected, on the ground that the claimant made an un-eventful recovery from his injury prior to the date for which he was last paid compensation."

It appears from the findings of fact and from the medical reports that the injury of 1 February 1952, alone, or in conjunction with or through aggravation of claimant's pre-existing back condition, caused temporary total disability. The question before the Deputy Commissioner was whether the claimant had recovered from the effects of that injury prior to 21 June 53, so that he no longer had any disability, total or partial, permanent or temporary, due to that injury. The word "disability" in the foregoing statement, as defined in the statute, means "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." 33 U.S.C.A. § 902(10).

The congenital condition remains, but if there was no aggravation of that condition by the injury which caused any disability (as defined in the statute) beyond 21 June 1953, nor any other effect of the injury which caused disability beyond that date, the Deputy Commissioner was correct in finding that the claimant had recovered from the effects of said injury, and in rejecting the claim for further compensation.

There was substantial evidence in the record considered as a whole to support that finding. Dr. Langworthy reported that in his opinion the claimant had less than 10% physical disability (using that term in the popular or medical, rather than statutory sense) and that he had a "compensation neurosis". This conclusion was based upon statements made to the doctor by the claimant about what other men had received from insurance companies, etc., and upon the doctor's own examination. The claimant had refused to seek any kind of employment, and would not wear the back brace which Dr. Eaton prescribed. From these facts and from his own observation of the claimant at the hearings, the Deputy Commissioner had the

right to conclude that the claimant's pain and physical disability were much less than he claimed.

 The Deputy Commissioner was entitled to infer from the evidence in the record and from his own observation of the claimant that the physical disability which Dr. Langworthy found, whether 1% or 9%, was either due entirely to the pre-existing back condition, and therefore reflected in the claimant's wage earning capacity before the injury, or was so slight that it did not cause any reduction in his wage earning capacity. Either inference would justify the conclusion that the injury of 1 February 1952 had caused no reduction in the wage earning capacity of the claimant which lasted beyond 21 June 1953, and therefore that there was no disability (as defined in the statute) after 21 June 1953 due to that injury. Iacone v. Cardillo, 2 Cir., 208 F.2d 696.

 It is true that there were two medical opinions in the record from which the Deputy Commissioner could have found that the claimant's wage earning capacity had been permanently reduced by the injury, but the Deputy Commissioner was not required to believe or accept those opinions or any other evidence. Hampton Roads Stevedoring Corp. v. O'Hearne, 4 Cir., 184 F.2d 76, 78; Crescent Wharf & Warehouse Co. v. Cyr, 9 Cir., 200 F.2d 633, 637; Joyce v. U. S. Deputy Com'r, D.C.Me., 33 F.2d 218.

The Deputy Commissioner was entitled to rely upon his own observation and judgment in conjunction with all of the evidence before him. Crescent Wharf & Warehouse Co. v. Cyr, 9 Cir., 200 F.2d 633, 637; Liberty Stevedoring Co. v. Cardillo, D.C.E.D.N.Y., 18 F.Supp. 729; Joyce v. U. S. Deputy Com'r, D.C.Me., 33 F.2d 218; Ryan Stevedoring Co. v. Norton, D.C.E.D.Pa., 50 F.Supp. 221.

 Logical deductions and inferences drawn by a Deputy Commissioner from the evidence before him are the equivalent of established facts, and are not judicially reviewable, even though the court may believe that other inferences are more reasonable. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470; Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 477, 67 S.Ct. 801, 91 L.Ed. 1028; Hampton Roads Stevedoring Co. v. O'Hearne, 4 Cir., 184 F.2d 76; Kwasizur v. Cardillo, 3 Cir., 175 F.2d 235; Crescent Wharf & Warehouse Co. v. Cyr, 9 Cir., 200 F.2d 633, 636.

The Deputy Commissioner found that the claimant had refused surgery for his back condition. But he did not find that the claimant now has any disability resulting from the injury of 1 February 1952 which could be reduced or eliminated by such surgery. He found instead that the claimant had fully recovered from the effects of that injury. It is, therefore, not necessary to consider whether the refusal of the proffered treatment was reasonable or unreasonable, and whether such refusal would bar the right to further compensation under 33 U.S.C.A. § 907(a).

The decision of the Deputy Commissioner is affirmed and the complaint dismissed.