■ In the Matter of the Claim of FRANK LADUTSKY, Respondent, against TRI-MOTOR AUTO SERVICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. The board has found that while claimant was working as an automobile repairman a foreign body entered his left eye, causing corneal ulceration from which developed various complications and conditions which caused complete blindness in that eye. The board found, further, that claimant had light perception in the left eye prior to the accident and that such perception was lost by reason of the accidental injuries. Concededly, claimant was industrially blind in the left eye prior to the accident. Appellants assert that he was also without any useful

light perception and that, therefore, the award for total loss of vision was improper. None of the medical experts denied that claimant may have possessed light perception before the accident. An optician testified that he had light perception in the left eye five years before the accident, at which time he was already industrially blind in that eye. Appellants' expert testified that after the accident claimant had "faulty light perception", that he "did not enjoy good light perception". Claimant testified, although in contradiction of the experts, that he had had some vision and hence, presumably, some light perception in the affected eye. The factual question thus presented was for the board's determination as was claimant's credibility and we are unable to hold that its finding that light perception existed prior to the accident is unsupported by substantial evidence. It was also within the board's province to reject appellants' expert's denial of accidental causation of the pathology which he observed and which claimant's physician related to the accident. The statute provides that, "Compensation for loss of binocular vision or for eighty per centum or more of the vision of an eye shall be the same as for loss of the eye." (Workmen's Compensation Law, § 15, subd. 3, par. p.) Appellants contend that claimant "could not lose eighty per centum, for one cannot lose what one never had" and, further, that subdivision 7 of section 15 relating to previous disability is applicable and that the award was therefore improper. These contentions have previously been advanced and rejected. (*Matter of La Belle* v. *Britton Stone & Supply Corp.*, 247 App. Div. 843; *Matter of Bervilacqua* v. *Clark*, 225 App. Div. 190, affd. 250 N. Y. 589; *Matter of Hobertis* v. *Columbia Shirt Co.*, 186 App. Div. 397.) Upon the board's finding that the accident caused the loss of the light perception which it found claimant possessed prior thereto, the award for 100% loss of the eye was proper, even though, prior to the accident claimant was industrially blind. (*Matter of Trillas* v. *Weimet Film Co.*, 281 App. Div. 932, affd. 306 N. Y. 779; *Matter of Kearney* v. *Bishop, McCormick & Bishop*, 279 App. Div. 696; motion for leave to appeal denied 303 N. Y. 1013; *Matter of La Belle* v. *Britton Stone & Supply Corp., supra.*) The board modified the referee's decision by making an additional award of $500 for serious facial disfigurement by reason of a shrinking in the affected eye due to deep infection and a palpebral fissure. Substantial evidence of causal relationship appears from the testimony of claimant's physician and the report of a board examiner and the board panel observed the condition, as the record of the hearing before it indicates. Decision and award affirmed, with costs to Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.