In the Matter of the Claim of JACK JACOBS, Respondent, *v.* JATEM REALTY CORP. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 28, 1973.

Milton Peckman (Louis Busell of counsel), for appellants.

*Saminsky, Olin & Stern* for Jack Jacobs, respondent.

*James P. Lynch* and *George Cholet* for Special Disability Fund, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal from a decision of the Workmen's Compensation Board, filed May 4, 1972 as modified by a supplemental decision filed October 17, 1972.

It is not disputed upon this appeal that from a medical standpoint the claimant has suffered a permanent total disability as the result of an industrial accident which occurred on April 1, 1969 and the record contains substantial medical evidence to establish such a total disability resulting from the permanent complete loss of use of claimant's legs, and urinary and bowel difficulties, all directly flowing as sole consequences of the 1969 accident.

Nearly two years after the accident the claimant succeeded in securing new employment although confined to a wheelchair. It thus appears that the claimant's medical conditions were not such as to preclude his return to gainful employment as of the date of the last Referee's hearing in this claim on January 5, 1972.

The appellants filed a claim for reimbursement from the respondent Special Fund pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law based upon a prior physical impairment to the claimant consisting of defective vision of the left eye. The Special Fund conceded that the claimant had such a permanent pre-existing physical impairment and that the employer had the required knowledge of such impairment. However, the section 15 claim was dismissed by the Referee and the board upon the ground that the claimant's present disability from employment was solely the result of the 1969 accident. The record contains no medical reports that would indicate the eye condition contributed to the claimant's disability from employment.

The appellant carrier in its application for review to the board contended that, as a matter of law, the Referee had erred in dismissing the section 15 claim when he also found that the claimant had a partial disability and advanced the same argument at the hearing before the board. Upon this appeal the appellants contend that they should have been granted a hearing upon the issue of whether or not the present disability is substantially greater because of the pre-existing vision defect

although such argument was not presented to the board. (Cf. *Matter of Domagalski* v. *Victoria's Rest.*, 33 A D 2d 927.)

The lack of any evidence in this record to infer that the prior defective vision affected the claimant's employability or disability following the 1969 accident and the failure to make any offer of such evidence upon the appeal to the board require affirmance of the board's dismissal as to the Special Fund.

Upon the appeal to the board the Special Fund in oral argument at the hearing of April 20, 1972 argued that upon the record the Referee erred in classifying the claimant as a permanent partial disability and should have established a permanent total disability. The claimant made no such argument although the record established that medically he was totally disabled as a result of the 1969 accident. The board in its supplemental decision of October 17, 1972 found that the claimant was in fact totally disabled solely as a result of the 1969 accident.

The appellants herein contend that the claimant's subsequent employment about two years after the 1969 accident, as a matter of law, precludes a finding of permanent total disability.

The question of a permanent total disability is one of fact for the board. (Cf. Workmen's Compensation Law, § 15, subd. 1.) In this particular case the medical evidence of a total disability is confronted with the fact that the claimant has resumed gainful employment. In *Matter of Trillas* v. *Weimet Film Co.* ('281 App. Div. 932, affd. 306 N. Y. 779) it was held that an industrially totally blind person who subsequently loses his remaining vision can be found to be permanently totally disabled although he returns to employment. (*Matter of Hye* v. *Victor & Co.*, 33 A D 2d 629; *Matter of Newman* v. *Union Cutlery*, 1 A D 2d 853; *Matter of Kaminsky* v. *Socony-Vacuum Oil Co.*, 275 App. Div. 1013.)

In a case where there is medical evidence solely of partial disability it has been held that the demonstrable ability to work precludes a finding of total disability in the absence of evidence thereafter establishing an inability to work (*Matter of Thomas* v. *Kornblum & Co.*, 17 A D 2d 889, 890). However, in cases where the medical evidence is of a partial medical disability the board may find a total disability as to earning capacity. (See *Matter of Logozzo* v. *Queens Structure Corp.*, 40 A D 2d 741.)

The subsequent ability to resume some sort of employment merely presents a question of fact for the board. The medical evidence establishes such a physical condition resulting from the accident as to preclude any significant employment by most

people so afflicted. The fact of subsequent employment at a minimal income is not sufficient to overcome the medical evidence and require the board to find only a partial disability.

The decision should be affirmed, with costs to the respondent Special Disability Fund.

GREENBLOTT, COOKE, MAIN and REYNOLDS, JJ., concur.

Decision affirmed, with costs to the respondent Special Disability Fund.