KNOXVILLE KNITTING MILLS CO. *v.* M. L. GALYON.*

(*Knoxville.*  September Term, 1923.)

1. **MASTER AND SERVANT.** Compensation for loss of entire hand proper without deduction for fingers previously lost.

Under Workmen's Compensation Act, Section 20, where an employee had lost three fingers from his left hand nineteen years before when not employed by defendant, an award for loss of the entire hand was proper without deducting the value of the three fingers previously lost.  (*Post, pp.* 228-234.)

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved:  Madden's Case, 222 Mass., 487; Brightman's Case, 220 Mass., 17;  Ball v. William Hunt & Sons Ltd. (1912), A. C. 496;  Lee v. William Baird & Co. Ltd., 45 Sc. L. R. 717;  Schwab v. Emporium Forestry Co., 167 App. Div., 614; Wabash Railway Co. v. Industrial Com., 194;  In re Branconnier, 223 Mass., 273.

Cases cited and distinguished:  Industrial Com. v. State Fund, 71 Colo., 109;  Matter of Schwab v. Emporium Forestry Co., 216 N. Y., 712;  Branconnier's Case, 223 Mass., 273;  Mark Mfg. Co. v. Industrial Comm., 286 Ill., 620;  Wabash Ry. Co. v. Industrial Comm., 286 Ill., 199.

2. **MASTER AND SERVANT.** Payments may be commuted under Compensation Act only upon agreement.

Workmen's Compensation Act, section 36, providing for commutation of payments.to a lump sum only with the consent of the circuit

---

*On question of what amounts to loss of member within the meaning of Workmen's Acts, see note in 18 A. L. R., 1350.

On construction and application of Workmen's Compensation Acts, see note in L. R. A., 1916A, 23 and L. R. A., 1917D, 89.

As to agreements for payment of compensation in lump sums under Workmen's Compensation Acts, see notes in L. R. A., 1916A, 189 and L. R. A., 1917D, 179.

court, implies the presentation of an agreed stipulation or order, and hence requires an agreement between the employer and employee as the basis of the consent, negativing any arbitrary or initiatory action on the part of the court. (*Post*, p. 235.)

Case cited and approved: Am. Zinc. Co of Tenn. v. Lusk, 255 S. W., 39.

FROM KNOX.

Error to the Circuit Court of Knox County.—HON. VON A. HUFFAKER, Judge.

FRANTZ, MCCONNELL & SEYMOUR, for Knitting Mills Co.

RAY H. JENKINS, for Galyon.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The undisputed facts show that the defendant in error, while in the employ of the plaintiff in error, lost his left hand; that nineteen years prior thereto, and while not in the employ of the plaintiff in error, the defendant in error had a part of three fingers on his left hand severed. He seeks in this case to recover for the loss of his left hand.

The plaintiff in error contends that the value of the three fingers, previously lost, should be deducted.

The trial court declined to make any deduction, and in such refusal he was correct.

Section 20 of our Workmen's Compensation Act (Pub. Acts 1919, chapter 123) is as follows:

"Be it further enacted, if an employee has previously sustained a permanent injury elsewhere than in the employment in which he sustains a subsequent permanent injury, he shall be entitled to compensation only for the

disability that would have resulted from the latter acci-
dent if the earlier injury had not existed, and such earlier
injury shall not be considered in estimating the compen-
sation on the basis of either a total or partial disability,
to which the employee may be entitled under this act."

This provision of the act is plain and unambiguous and
expressly forbids any such deduction as is here contended
for. Independent of the above statutory provision the
weight of authority is against such deduction.

In *Industrial Com.* v. *State Fund,* 71 Colo., 109, 203
Pac., 216, the court said:

"The remaining question is whether claimant became
totally . . . blind by the accident at the Camp Bird
mine when, as matter of fact, he was practically sightless
in the right eye prior to such employment. There is noth-
ing in our compensation statute requiring employees to
be physically perfect in order to come within its provi-
sions. Claimant, for practical purposes, was blind in
one eye when he entered the service of the Camp Bird
Company. This, however, did not prevent him from do-
ing the work which he was employed to do. His wages were
the same as his fellow employees with perfect vision; the
Camp Bird Company paid the same compensation insur-
ance premium for him as for workmen with normal sight;
no penalty whatsoever attached to him because he was
practically sightless in one eye. When he lost the sight
of his remaining eye in an accident arising out of and
in the course of his employment we are of opinion that he
became totally and permanently disabled within the mean-
ing of our Compensation Act."

In *Matter of Schwab* v. *Emporium Forestry Co.,* 216

Knoxville Knitting Mills Co. v. Gaylon.

N. Y., 712, 111 N. E., 1099, an award for total disability was affirmed under the following facts, stated in the opinion, to wit:

"The claimant suffered an injury on July 6, 1914, while in the employ of the Emporium Forestry Company, the injury resulting in the loss of his right hand at the wrist. Many years before, in some way not disclosed by the record, the claimant had lost his left hand, not, however, while engaged in the same employment, nor while working for the said Emporium Forestry Company. The question at issue was: 'Shall the claimant be awarded as for total permanent disability, as provided in subdivision 1 of section 15 of the Workmen's Compensation Law, or for permanent partial disability for a period of two hundred and forty-four weeks as provided in subdivision 3 of said section 15?'"

In *Branconnier's Case,* 223 Mass., 273, 111 N. E., 792, the court, speaking through Chief Justice RUGG, said: "The employee, a man who in 1910 had lost one eye, met with an injury in 1915 arising out of and in the course of his employment for a subscriber under the Workmen's Compensation Act, whereby he lost the sight of his remaining eye. The question presented is whether there was error in refusing to rule as matter of law that the total incapacity of the employee could not be attributed to the injury of 1915, because made up in part of the result of a previous accident.

"The denial of this request was right. The employee, when he entered the service of the subscriber, had that degree of capacity which enabled him to do the work for which he was hired. That was his capacity. It was an

impaired capacity as compared with the normal capacity of a healthy man in the possession of all his faculties. But nevertheless, it was the employee's capacity. It enabled him to earn the wages which he received. He became an 'employee' under the act and thereby entitled to all the benefits conferred upon those coming within that description. The act affords a fixed compensation of a limited time 'While incapacity for work resulting from the injury is total.' St. 1911, chapter 751, Part II, section 9. It establishes no other standard. It fixes no method for dividing the effect of the injury and attributing a part of it to the employment and another part to some preexisting condition, and it gives no indication that the legislature intended any such division. The total capacity of this employee was not so great as it would have been if he had had two sound eyes. His total capacity was thus only a part of that of the normal man. But that capacity, which was all he had, has been transformed into a total incapacity by reason of the injury. That result has come to him entirely through the injury. In principle this case is concluded by the reasoning and the decision of *Madden's Case,* 222 Mass., 487, where the subject of pre-existing infirmities of the employee, as bearing upon the right and extent of compensation under the act, was discussed at large. *Brightman's Case,* 220 Mass., 17.

"This conclusion is in harmony with *Ball* v. *William Hunt & Sons, Ltd.* (1912), A. C., 496; *Lee* v. *William Baird & Co., Ltd.,* 45 Sc. L. R., 717, and *Schwab* v. *Emporium Forestry Co.,* 167 App. Div. (N. Y.), 614. The statute under consideration in *Weaver* v. *Maxwell Motor Co.,* 186 Mich., 588, appears to have been so different as

perhaps not to make that decision inconsistent with our view. But if, and so far as it is inconsistent, we are constrained not to follow it."

A case exactly in point is that of *Mark Manufacturing Co.* v. *Industrial Commission*, 286 Ill. 620, 122 N. E., 84, in which the court said: "Where, as a result of an injury, an employee has permanently lost the use of one hand, he is entitled to compensation for the loss at the rate fixed by statute; and the facts that one finger had been previously injured and partly amputated and that he might have recovered for that injury do not reduce the amount of compensation to which he is entitled."

The court further said: "Though the defendant in error had previously lost a part of one finger he had the use of his hand, with a capacity somewhat reduced by reason of the defect. The fact that his hand was not perfect did not render its loss any less complete. As the result of his injury he has totally lost the use of the hand which he previously had, and under the statute he is entitled to compensation for that loss. (*Wabash Railway Co.* v. *Industrial Com. ante*, p. 194; *In re Branconnier*, 223 Mass., 273; *Schwab* v. *Emporium Forestry Co.*, 216 N. Y., 712.) The fact that he might have recovered for the first injury did not reduce the amount of compensation to which he is entitled for the loss of the use of his hand."

The principle upon which the above case was decided had been previously discussed at greater length in the case of *Wabash Ry. Co.* v. *Industrial Com.*, 286 Ill., 199, 121 N. E., 570. The court said: "The principal contention made by plaintiff in error is that the circuit court erred in holding that it was liable to pay compensation for a

total and permanent disability. The basis of this contention is that the loss of one leg does not constitute total permanent disability. Defendant in error, Williams, contends, on the other hand, that the loss of his left leg, combined with the previous loss of his left arm, constitutes total permanent disability and that the judgment of the circuit court is correct. This precise question has not arisen before in this State. . . ."

The court further said: "We are disposed to follow the reasoning of the Massachusetts court construing a statute quite similar to ours, and hold that this act applies where the loss of one of the members mentioned occurred previous to the employment and the loss of the other occurred as the result of an injury arising out of and in the course of the employment. This, in our opinion, is the fair intent and meaning of the act. When Williams was employed by plaintiff in error he had lost his left arm, and his capacity for work was to that extent impaired. He was employed to do work which could be performed by a man having but one arm, and he was paid upon that basis. By the loss of his leg such capacity as he had for work was entirely destroyed, and under the provisions of the act he was entitled to compensation for total permanent disability. Such a construction of the act works no hardship upon plaintiff in error. Williams was employed and paid as a man of limited capacity, and the compensation which plaintiff in error is required to pay is based upon the wages it was paying him as a man of limited capacity."

There are a number of other cases to the same effect.

The trial court, without the consent of the plaintiff in

Knoxville Knitting Mills Co. v. Gaylon.

error, held that the defendant in error was entitled to have his compensation commuted to a lump sum, calculated upon a six per cent. basis.

For the reasons set forth in the opinion of *American Zinc Co. of Tennessee* v. *Fielding Lusk* ante, page 220, 224 S. W., 39, decided to-day, we hold this was error, and in this respect the judgment of the trial court will be reversed; otherwise affirmed.