SHELBYVILLE *v.* FRANK KENDRICK.

(*Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

150

Avery·Handly, for plaintiff in error.

J. D. Murphree, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

This is an action brought by Kendrick as an employe of Shelbyville, under the Workmen's Compensation Act, for an injury to his eye, which resulted in the physical removal of the eyeball by a surgeon. Compensation was awarded in the full amount as for the loss of an eye, fifty per centum of the average weekly wages of the employe for one hundred weeks. Acts 1919, chapter 123, section 28, subsection c.

In support of its appeal the City of Shelbyville insists that Kendrick is not entitled to the compensation fixed by the statute for the loss of an eye, for the reason that an old injury to the eye had greatly impaired its usefulness to the petitioner, to the extent that the petitioner

had practically no vision in the eye prior to the injury upon which this action is based.

Kendrick did not deny that the eye had been previously injured or that his vision had been greatly impaired, but he testified that he could see to some extent with the eye; and the trial judge found that he could see sufficiently as that his efficiency in his employment was not impaired. The findings of fact of the trial judge contained a statement that the previous injury to Kendrick's eye "had impaired his power of vision therein to an extent not exactly disclosed by the evidence."

The findings of fact of the trial judge, supported by evidence, establish the contention of the petitioner that he had not altogether lost his power of vision in the eye prior to the injury now involved, and that it was useful to him before it was totally destroyed by the injury received out of and in the course of his employment.

*Knoxville Knitting Mills Co.* v. *Galyon*, 148 Tenn., 228, 30 A. L. R., 976, involved the claim of an employe for the compensation provided by the statute for the loss of a hand. The employer contended that the full amount allowed by the statute for the loss of a hand should not be awarded because the employe had previously lost parts of three fingers from the hand. In other words, the contention was that the compensation fixed in the schedule for the loss of a hand should be reduced upon proof that the hand for which compensation was claimed was not sound or normal, and was not one of which the claimant had full and normal use. This court denied the contention of the employer and held that the full compensation should be awarded. We think the opinion in that case rules the question now involved in favor of the judgment of the trial court and the claim of the petitioner.

■ To sustain the contention of the employer would be to read into the schedule of awards in subsection c of section 28 of the compensation act the proviso that the awards scheduled should be proportionately reduced whenever the member involved had suffered a previous injury impairing its use. The legislature did not so limit the schedule of awards, and we could not justify such limitation by judicial interpretation.

In *Hobertis* v. *Columbia Shirt Co., Inc.*, 186 App. Div. 397, 173 N. Y. Supp., 606, the schedule compensation for the loss of an eye was awarded a petitioner who was nearsighted, having not to exceed fifty per cent vision. The Supreme Court, Appellate Division, overruled the employer's contention that the award should be reduced by one-half, and said:

"The statute does not provide that the loss of the use of an eye shall be compensated by an award based upon the amount of vision which existed previous to the accident, whether it be fifty per cent or eighty per cent of vision lost. It awards specific compensation for the loss of an eye. It is matter of common knowledge that very few persons have complete and perfect vision. The claimant was working with defective vision. So far as appears, her work was entirely satisfactory to her employer, at least so far as the wages she received.

"The wages received by her must be considered her wage-earning capacity with defective vision. She lost the use of her eye, such as she had, and is entitled to compensation therefor, based upon her earning capacity."

In *Purchase* v. *Grand Rapids Refrigerator Co.*, 194 Mich., 103, 160 N. W., 391, the Supreme Court of Michigan made a similar ruling, quoted in a note to 8 A. L. R., 1325-1326, as follows: "The legislature has not attempted a definition, or made declaration, applicable to the case

at bar, except in terms of the loss of an eye. It has not specified a normal eye, although it may be concluded that the law refers to an eye which performs in some degree the functions of a normal eye. A mere sightless organ might, perhaps, be considered no eye at all. Claimant has lost an eye, although an infirm one. It was not wholly useless as an eye. On the contrary, the testimony is that he could with it distinguish light and see approaching objects.''

We concur in the holding of the quotation just made, that the loss of an eye not wholly useless as an eye, must be considered to fall within the schedule award for the loss of an eye. There is nothing in the statute which would warrant any other conclusion.

The employer cites *Quinn* v. *American International Ship Building Corp.*, 77 Pa. Sup. Ct., 304, in which compensation was denied for the loss of an eye of which the petitioner had previously ''practically lost the sight. . . . The amount of vision retained being only sufficient to enable him to distinguish light from darkness.'' The court predicated its decision upon the proposition: ''It would therefore seem to follow that if the use of an organ had already been lost, the claimant could not recover such compensation a second time by reason of the subsequent physical loss of the organ itself. . . . The appellant lost the use of his eye many years ago and he cannot now again recover for the loss of the organ.''

We do not consider this case in conflict with the authorities hereinabove cited. It is not controlling here because the findings of the trial judge, supported by evidence, negative the contention that the petitioner had altogether lost the use of his eye before the injury which resulted in its removal.

 Other assignments of error are directed at the finding of the trial judge that the impairment of vision which the petitioner had previously suffered was not sufficient to interfere with the efficiency of his work, it being contended that there is no evidence to support this finding of fact. We think it sufficient to support the award, that there is evidence to sustain the finding of the trial judge that the eye had not been altogether lost to the petitioner, and was still useful to him as an eye, at the time he was injured; and it is, therefore, immaterial whether the previous injury had impaired his efficiency.

The judgment of the trial court is accordingly affirmed.