DAVENPORT SILK MILLS v. F. S. DILLINGER.*

*(Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931. Petition to rehear denied December 5, 1931.

---

*As to prior permanent loss of member, see annotation in L. R. A., 1916A, 257; 30 A. L. R., 979; 28 R. C. L., 820, 821; R. C. L., Perm. Supp., p. 6244.

CLARENCE KOLWYCK and SAM J. MCALESTER, for plaintiff in error.

WHITAKER & WHITAKER, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Dillinger, while in the employ of the Davenport Silk Mills, on July 16, 1930, accidentally fell into an open elevator shaft and broke his left arm at or near the shoulder. It is conceded that his arm is permanently partially impaired as a result of said injury. His average weekly wages were $18.50. The trial court found that his arm was impaired 85 per cent, and awarded him compensation at the rate of $9.25 per week for one hundred

and seventy weeks. From this award the Silk Mills has appealed and assigned numerous errors. With two exceptions the assignments relate to questions of fact. The bill of exceptions contains a colloquy which the trial court and counsel for the Silk Mills engaged in at the conclusion of the testimony, and from which it appears that the only questions which counsel were insisting upon was the amount of compensation to be awarded. As to other matters we find abundant evidence to sustain the findings of the court, and deem it unnecessary to discuss these questions in this opinion.

If the use of petitioner's arm was impaired 85 per cent as a result of said injury on July 16, 1930, then the judgment of the trial court is correct.

Section 28 of the Act provides compensation as follows:

"For the loss of an arm, fifty per centum of the average weekly wages during two hundred (200) weeks. . . .

"In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member, which the extent of injury to the member bears to its total loss."

If the injury of July 16, 1930, had caused a total loss of the arm, then petitioner would have been entitled to one-half of his weekly wage, or $9.25, for two hundred weeks. If this injury has destroyed the use of the arm 85 per cent, then petitioner would be entitled to recover

$9.25 a week for 85 per cent of two hundred weeks, or one hundred and seventy weeks.

The trial court found as a fact, and this is conceded, that petitioner long prior to his employment by the Davenport Silk Mills fractured his left elbow, which resulted in permanent partial loss of the use of his arm. One of the physicians testified that the first injury impaired the use of his arm 25 per cent, and another 65 per cent.

Counsel for the Silk Mills insist that a deduction should be made for this first impairment. The trial court rejected this contention. Counsel for the petitioner insist that the court's holding on this question is supported by the decisions of this Court in *Knoxville Knitting Mills* v. *Gaylon,* 148 Tenn., 228, and *Shelbyville* v. *Kendrick,* 161 Tenn., 149. In each of those cases there was a total impairment of the use of the member as a result of the latter injury, and counsel undertake to draw a distinction where the impairment is only partial, and cite section 20 of the Compensation Act, which is as follows:

"If an employe has previously sustained a permanent injury elsewhere than in the employment in which he sustains a subsequent permanent injury, he shall be entitled to compensation only for the disability that would have resulted from the latter accident if the earlier injury had not existed, and such earlier injury shall not be considered in estimating the compensation on the basis of either a total or partial disability, to which the employe may be entitled under this Act."

It will be observed that this section provides that the earlier injury shall not be considered on the basis of either a total or partial disability. If not to be considered in case of total disability, as was held in the cases cited

above, then under the express provision of the act it is not to be considered in case of partial disability.

██ Dr. Newell testified that the use of the arm was impaired 100 per cent for hard manual labor, and from 50 to 75 per cent for light labor. The petitioner exhibited his arm to the court, and the nature and extent of the injury was elaborated upon and explained to the court by the attending physicians.

In *Casteel* v. *Aluminum Co.*, 161 Tenn., 407, 409, this Court said:

"In *Ezell* v. *Tipton*, 150 Tenn., 300, it was held that a trial judge who has the employe before him and is in a position to observe the use the employe has of an injured member, may, from such observation, reach his own conclusion as to the extent of the disability of that member. Where there is a conflict of the medical testimony as in this case, and the disability is susceptible of lay observation and ascertainment, it seems that there is no impropriety in such a course."

The trial court found that the use of this arm was impaired 85 per cent, and in view of the testimony referred to, and the fact that petitioner's arm was manipulated in the presence of the court and observed by him, we are unable to say that the award is excessive.

██ Counsel for the Silk Mills further contend that credit should be allowed for wages earned by petitioner subsequent to his injury. It was ruled otherwise in *Casteel* v. *Aluminum Co., supra,* and no good reason has been advanced for overruling that case.

We have carefully considered all of the assignments of error, and feel constrained to overrule them and affirm the judgment of the trial court.

## On Petition to Rehear.

Section 20 of the Compensation Act is plain and expresses what we conceive to be the clear legislative intent. It provides in a case like the one under consideration that the employe "shall be entitled to compensation only for the disability that would have resulted from the latter accident if the earlier injury had not occurred." The question is, To what extent was the use of petitioner's arm impaired by the latter injury. While this direct question was not asked the physicians, we interpret the testimony of Dr. Newell, in his examination in chief, to be directed to the impairment by the latter injury. Such seems to have been the construction placed upon his testimony by the trial court, and this seems to us to be reasonable, because an arm out of socket at the shoulder is practically worthless. While the testimony is not as direct and clear as it might have been upon the crucial question, we are of the opinion that under all of the facts and circumstances appearing there is some evidence to support the decree. Dillinger himself testified that while his elbow was stiff, he had full use of his arm before the last injury and now has no use of it.

In the original opinion we made the following preliminary statement: "If the use of petitioner's arm was impaired 85 per cent as a result of said injury of July 16, 1930, then the judgment of the trial court is correct." If petitioner had not previously to July 16, 1930, injured his arm, we are of the opinion that its impairment would be just as great as it now is. The real issue in this case was very much beclouded by the interrogation of witnesses as to the impairment of the arm by the first injury, which the statute expressly provides shall not be

considered in determining the extent of the impairment by the last injury, whether the disability be total or partial.

In the cases of *Knoxville Knitting Mills* v. *Gaylon,* 148 Tenn., 228, and *Shelbyville* v. *Kendrick,* 161 Tenn., 149, referred to in the original opinion, previous injuries had impaired the use of the members involved, but by later injuries the use of the members had been entirely destroyed. The court held that no deductions could be allowed for the previous injuries. In the instant case the latter injury instead of totally destroying the member only impaired it to the extent of 85 per cent, and following the express provision of section 20, no deduction on account of the first injury can be made in awarding compensation for the second injury, regardless of whether it totally or partially destroyed the use of the member. The reasons for the construction given the statute are fully set forth in the cases cited above.

Complaint is made of the failure of the court to specifically pass upon the third assignment of error to the effect that the loss of the use of the arm was due to the failure of petitioner to follow the instructions of the attending physician. As pointed out in the original opinion, the only question pressed before the trial court was the amount of compensation to be awarded. The trial court did not directly pass upon the matter involved in this assignment, but he necessarily passed upon it indirectly, otherwise he could not have awarded compensation. Taking the record as a whole, we cannot say that petitioner wilfully disobeyed the instructions of Dr. Ebert. While his testimony in a way supports this contention, Dr. Ebert testified that he made a good job of

setting the arm, and that petitioner now has a good arm, which is contrary to the testimony of the other physicians.

The petition to rehear is without merit, and will be denied.