WILLIAMS *v.* S. & W. CONST. CO. *et al.*

(*Nashville,* December Term, 1933.)

Opinion filed January 13, 1934.

CAMPBELL YERGER, of Memphis, for plaintiff in error.

E. B. KLEWER, of Memphis, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Petitioner, Williams, sought compensation from his employer, S. & W. Construction Company, and the insurer, for the loss of an eye by accident in August, 1932. It appearing that petitioner had previously been paid full compensation by another employer for permanent loss of the same eye by accident occurring June 17, 1924, the trial judge, on his own motion, dismissed the petition, evidently impressed by the inequity of the claim, apparently for a second allowance for a loss of an identical member, either in application of the maxim of unclean hands, or upon the theory that the obligation placed on

industry as a whole to compensate an employee for an injury had been fully discharged by one satisfaction of a particular loss. Coming to his conclusion in the course of the examination of petitioner himself, the first witness introduced, further hearing was suspended, and the judgment rendered.

■ The second of the theories above mentioned can hardly be sustained in view of the contractual relationship between employer and employee arising under the Compensation Law (Code 1932, section 6851 *et seq.*). Dealings had between an employee and one employer cannot be relied on as a defense to a claim against a wholly independent employer, based on a wholly different accident.

A learned and interesting discussion is submitted for the defendant employer of the equitable maxim of unclean hands with respect to its application in a compensation case. Conceding, but not deciding, that this doctrine may be applied in a compensation case in a court of law, a court of equity would hardly be warranted in applying this maxim when the previous unclean conduct had related to a transaction wholly with an independent third party. Discussing this maxim, Mr. Gibson says (Gibson's Suits, par. 42), "But the operation of the maxim is confined to misconduct connected with the particular matter in litigation; and does not extend to any misconduct, however gross, which is unconnected therewith, and *with which the defendant is not concerned.*" (Italics ours.) A may not rely upon this maxim as a defense because it appears that at some previous time B had obtained from a third party the funds or the thing in litigation by the prosecution of an unjust demand. This would take the court too far afield, involve a reopening of past and independent issues, and the bringing in of parties not before

the court in the pending suit. The authorities treating of this maxim are fully reviewed in *Overton* v. *Lewis,* 152 Tenn., 500, 279 S. W., 801, and the exception here suggested approved.

██ ██ However, a pertinent and controlling fact in issue in the instant case was whether or not petitioner had this eye to lose at the time when, in August, 1932, he claims to have lost this eye. It must be conceded that a mere sightless organ is no eye at all. And, as bearing on this question of fact, it was competent to show that, on a previous occasion, and in support of a previous claim, he had represented that he had suffered a total and permanent loss of this identical eye, and recovered compensation therefor. This much did appear from petitioner's own testimony, but we are unable to say that this was conclusive of his rights here; that it was not competent for him to show that he and his then employer were mistaken as to the fact; that, while he claimed and satisfied his employer that he had suffered a permanent loss of the eye, the event proved otherwise.

It is generally recognized that the question of whether or not a present disability is or will prove permanent is frequently one largely of opinion, and the question is quite commonly determined by the courts, or by the interested parties for themselves, on the basis of appearances at the time and opinion estimates of the apparent probabilities. Some disabilities are taken to be temporary and others to be permanent, so agreed or so determined, when the facts are subsequently demonstrated to be otherwise.

██ So far as the proof went in the instant case, petitioner's previous injury did not prove to be a total permanent loss of the eye, despite the appearances at the time

and the award made to him. According to his testimony, he had sight of this eye when he suffered the accident in the course of his employment by the defendant construction company. That the eye was at that time impaired, the vision not wholly lost but merely diminished by the former injury, does not affect the right of petitioner to recover under our holdings. In *Shelbyville* v. *Kendrick*, 161 Tenn., at page 153, 29 S. W. (2d), 251, 252, it is said: "We concur in the holding . . . that the loss of an eye not wholly useless as an eye, must be considered to fall within the schedule award for the loss of an eye. There is nothing in the statute which would warrant any other conclusion." And see *Knoxville Knitting Mills* v. *Gaylon*, 148 Tenn., 228, 255 S. W., 41, 30 A. L. R., 976, and *Catlett* v. *Chattanooga Handle Co.,* 165 Tenn., 343, 55 S. W. (2d), 257.

It results that petitioner is entitled to recover if he can establish that he has suffered the loss of this eye as the result of this accident, that he had at the time some useful vision therefrom, despite the fact that some years before he had claimed and been awarded compensation on the basis of a permanent loss of the use thereof.

The judgment will be reversed, and the case remanded for a new trial in order, particularly that opportunity may be given for proof by both parties as to the condition of the eye when last injured, the extent of that injury, the average wages of petitioner, and such other matters as may be relevant and competent, consistent with this opinion.