Town of Shelbyville *v.* Hamilton.

(*Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

298

 

KINGREE & KINGREE and SAM W. BOBO, all of Shelbyville, for plaintiff in error.

ZACH CARNEY and J. D. MURPHREE, both of Shelbyville, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

J. F. Hamilton, referred to as the petitioner, sued the town of Shelbyville, referred to as defendant, under the Workmen's Compensation Act (Code 1932, sec. 6851 et seq.). The defendant generally denied liability, specially pleaded that it was not bound by provisions of the Workmen's Compensation Act, was not operating under it at the time of the alleged injury, and further that, if operating under the act, the petitioner's injury was the result of intoxication and of his own willful misconduct in violating traffic laws of the town of Shelbyville.

The trial judge held that defendant was subject to the provisions of the Workmen's Compensation Act and further that petitioner was injured by accident arising out of and in the course of his employment, and that the injury resulted in 40 per cent impairment or loss of use of the left leg, for which compensation of $8.65 a week was awarded.

The defendant appealed, and by its several assignments of error insists that the judgment should be reversed (1) because defendant was not at the time of

the injury subject to the Compensation Act; (2) that petitioner was not an employee within the meaning of the act, but was a police officer; (3) that his injuries were the result of intoxication and of willful misconduct; and (4) it was further insisted by the assignments of error that the trial judge erred in his ruling upon the admissibility of evidence. There is no merit in the several assignments upon the admission of evidence.

 The testimony of municipal officers and others tending to show the character of work required of petitioner and his contract of employment with defendant was admissible. Its weight was of course matter for consideration of the trial judge.

 There is some evidence in the record that petitioner served as an arresting officer or policeman, but, as found by the trial judge, his primary duties under the contract of employment was that of street superintendent or foreman, and he was acting in that capacity at the time of the accidental injury. The trial judge found that petitioner was not intoxicated and that he was not guilty of willful misconduct such as would bar a recovery under the act. The trial judge said if, as shown by the testimony of some of the witnesses, the petitioner was violating a municipal ordinance by fast driving, his act in doing so was not such willful misconduct as would bar recovery under the act. In that conclusion we concur.

There is material evidence to sustain the finding of the trial judge upon all the foregoing facts and his finding that petitioner was not a policeman or officer as in *Cornett* v. *City of Chattanooga,* 165 Tenn., 563, 56 S. W. (2d), 742, but was an employee; and, if the defendant is subject to the provisions of the act, the disability is compensable.

The Workmen's Compensation Act applies only to municipalities that have accepted its provisions. See Code, section 6856.

As said by the trial judge in his finding of fact, the defendant had accepted the act and was operating under it prior to the injury. That is not only made apparent by evidence in the record but by reference to *Shelbyville* v. *Kendrick,* 161 Tenn., 149, 29 S. W. (2d), 251, where the provisions of the act were enforced against defendant, who at the time made no question of its subjection to the act.

By the testimony of C. C. Smith, a former official of the town, it is shown that the municipality had carried workmen's compensation insurance, but abandoned the insurance prior to Hamilton's injury November 21, 1934, but Mr. Smith testified that no notice was given Hamilton of the defendant's election to abandon the act.

█ Hamilton testified that he knew the town had accepted the act and did not know that it had withdrawn from its provisions. There is no evidence that the defendant at any time prior to the date of petitioner's injury gave notice of withdrawal in the manner provided by section 6856 (e) of the Code. Having accepted the provisions of the act and operated under it, the defendant is subject to its provisions until it withdraws its acceptance by giving notice to the commissioner of labor, as provided in the Code section above referred to. There is no evidence of any such withdrawal.

Affirmed.