ALTON TOMES

*v.*

GRAY & DUDLEY COMPANY et al.

(*Nashville,* December Term, 1956.)

Opinion filed March 8, 1957.

Rehearing Denied April 1, 1957.

BAILEY, EWING & POWELL, Nashville, for appellants.

WILSON N. WEST and H. D. BELL, Nashville, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This appeal is from a decree awarding the petitioner workmen's compensation for the loss of his left hand. The facts were stipulated.

It appears on March 10, 1955, the complainant was injured by accident arising out of and in the course of his employment as a laborer for Gray & Dudley Company. The injury involved consisted of the loss of complainant's left thumb.

Now it appears that complainant, while working for the same employer in 1947, and in a similar accident lost the other four fingers of his left hand. For this prior loss of four fingers the complainant, by a decree of the Circuit Court of Davidson County, was awarded compensation based upon a ninety percent loss of the left hand.

In the present case the complainant seeks compensation based on 100% loss of the use of his left hand. There

is no question of the fact of the injury, but the lower court awarded the complainant compensation based upon 100% loss of his left hand.

It seems that the complainant, under our present Workmen's Compensation Law, is entitled to one of three awards:

(1) Compensation for the total loss of his hand, without deduction;

(2) Compensation for the loss of his left thumb; or

(3) Compensation for ten (10%) percent permanent disability of his hand, having previously been awarded and compensated for a 90% loss thereof.

Section 50-1027, T.C.A., reads as follows:

"50-1027. Subsequent permanent injury after sustaining previous permanent injury — Estimation of Compensation — 'Second injury fund' created—Payments to—Disbursements from.—If an employee has previously sustained a permanent disability by reason of the loss of, or loss of use of, a hand, an arm, a foot, a leg, or an eye and becomes permanently and totally incapacitated through the loss, or loss of use of another member, he shall be entitled to compensation from his employer or the employer's insurance carrier only for the disability that would have resulted from the latter injury, and such earlier injury shall not be considered in estimating the compensation to which the employee may be entitled under this law from the employer or the employer's insurance carrier; provided, however, that in addition to such compensation for said subsequent injury, and after completion of the payments therefor, then such employee shall be

paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the 'second injury fund' herein created."

The above statute was adopted by the legislature in 1945, it being Chapter 149, Section 1, of the Public Acts of that year.

Section 1 of that Act, by amendment, substituted the above quoted statute for the previous law on the subject, Section 6871, Williams Code of Tennessee, which provided as follows:

"Previous permanent injury not to be considered in a subsequent permanent injury, when.—If an employee has previously sustained a permanent injury *elsewhere* than in the employment in which he sustains a subsequent permanent injury, he shall be entitled to compensation only for the disability that would have resulted from the latter accident if the earlier injury had not existed, and such earlier injury shall not be considered in estimating the compensation on the basis of either a total or partial disability, to which the employee may be entitled under this chapter."

By said Section 50-1027, T.C.A., no provision is made to cover the factual situation in the case at bar. The present law is applicable only to situations where the employee, after previously sustaining a permanent injury or loss, or loss of use of certain members, becomes permanently and totally incapacitated through the loss, or loss of use of another member.

Before the 1945 Amendment, we held that where the employee had previously sustained a permanent injury elsewhere than in the employment in which he sustained

a subsequent permanent injury, the employee is entitled to the full amount scheduled for such subsequent permanent injury, without deduction on account of the prior injury. *Knoxville Knitting Mills Co. v. Galyon,* 148 Tenn. 228, 255 S.W. 41, 30 A.L.R. 976; *Williams v. S. & W. Construction Co.,* 167 Tenn. 84, 85, 66 S.W.2d 992.

In *Shelbyville v. Kendrick,* 161 Tenn. 149, 29 S.W.2d 251, 252, this Court quoting from a New York case, *Hobertis v. Columbia Shirt Co.,* 186 App.Div. 397, 173 N.Y. S. 606, said:

"The wages received by her must be considered her wage-earning capacity with defective vision. She lost the use of her eye, such as she had, and is entitled to compensation therefor, based upon her earning capacity."

As pointed out in *Knoxville Knitting Mills v. Gaylon, supra,* the weight of authority prevails against a deduction on account of a previous injury, independent of a statutory provision prohibiting the same.

It appears in this case that the complainant worked on the same job and evidently satisfactorily performed all of the duties assigned to him with his thumb and the stub of his hand, but the loss of his one remaining finnger caused the loss of use of his left hand. He had been earning his wages with his left hand in the condition that it was at the time of the subsequent injury. He has permanently lost this capacity by that subsequent injury.

We are of the opinion therefore that the Chancellor was correct in awarding the complainant the recovery provided by the workmen's compensation for the entire loss of his left hand. Affirmed.