Sevier County Highway Department, Plaintiff-in-Error,

*v.*

Ray Tinsley Wells, Defendant-in-Error.

395 S.W.2d 800.

(*Knoxville,* September Term, 1965.)

Opinion filed November 1, 1965.

W. Henry Ogle, Sevierville, for plaintiff-in-error.

Robert L. Ogle, Jr., Sevierville, for defendant-in-error.

Mr. Justice Chattin delivered the opinion of the Court.

Ray Tinsley Wells, hereinafter referred to as the petitioner, brought this action for benefits under the Workmen's Compensation Act against the Sevier County Highway Department, hereinafter referred to as the defendant, the Textile Insurance Company and the Cosmopolitan Insurance Company.

The petition alleged petitioner was a regular employee of defendant on October 27, 1961, at which time he suffered an injury to his brain and back in the course and scope of his employment; and that as of the date of the injuries petitioner and the defendant were subject to and bound by the Workmen's Compensation Act.

The petition further alleged workmen's compensation benefits had been paid to petitioner after his injuries, the last payment having been made on January 14, 1963, and further payments had been refused.

The prayer of the petition was for an award for permanent total disability as well as temporary total disability.

The defendant filed a demurrer to the petition on the ground of governmental immunity.

Cosmopolitan Insurance Company filed an answer to the petition in which it generally denied the allegations of the petition. Parenthetically it appears from the record the Textile Insurance Company became insolvent and Cosmopolitan took over its business and thereafter Cosmopolitan went into bankruptcy.

The trial judge overruled the demurrer of defendant. The defendant excepted and filed an answer in which it admitted plaintiff was injured in the course of his employment, but denied the extent of his injuries.

The answer admitted defendant had purchased workmen's compensation insurance prior to the accident and averred both insurance companies were insolvent and were in bankruptcy.

The answer further averred petitioner was injured while employed by defendant in the exercise of a governmental function and defendant was, therefore, immuned to the suit; and that any judgment rendered against defendant, if any, should be limited to such an amount as could be realized from the assets of the insurance companies being administered in the bankruptcy proceedings.

It is shown in the record the defendant notified the Division of Workmen's Compensation of the Department of Labor of the State on October 5, 1960, it had secured insurance insuring its liability to its employees for benefits under the Workmen's Compensation Act.

Petitioner testified he was injured in the course of his employment while loading a lift on a float; that as a result of the accident he sustained two ruptured discs; that he had had two operations on his back; that as a result of the accident he suffered a stomach and nerve disorder; that since the accident he has been under the care of a psychiatrist as well as medical doctors; and that he has been unable to work at an occupation the wages of which would be sufficient to sustain him.

There is filed in the record a statement of Dr. E. L. Tauxe dated October 13, 1964, with regard to the type of work petitioner was doing at the time of his injury, he was totally disabled and his disability would likely be permanent unless some future surgery to his back might correct his disability.

It is stipulated in the record both insurance companies are insolvent and their affairs are being administered in a bankruptcy proceeding.

Defendant offered no proof but moved the trial judge to dismiss the petition on the ground of governmental immunity which was overruled.

The trial judge awarded petitioner sixteen weeks temporary total disability from the date of the accident to February 27, 1962. He also found petitioner was totally and permanently disabled as a result of the accident and awarded him compensation of $32.50 per week for four hundred weeks and additional compensation of $15.00 per week for one hundred fifty weeks and medical expenses not to exceed the maximum provided by the Act. He allowed defendant credit for payments previously made to petitioner.

Defendant has appealed to this Court and insists here there is no evidence to sustain the finding of the trial judge petitioner is permanently and totally disabled; and that the trial judge erred in overruling defendant's demurrer and motion to dismiss the petition on the ground of governmental immunity.

Cosmopolitan did not perfect an appeal.

We think there is material evidence in the record to sustain the finding of the trial judge petitioner was permanently and totally disabled as a result of the accident. Defendant's brief does not point out any evidence in the record tending to show otherwise, in fact, defendant's brief does not discuss this assignment. The brief is confined solely to a discussion of the question of governmental immunity. We overrule the first assignment of error.

Defendant, in support of its insistence it was immuned to the suit, argues, ''it can logically be said that even though Sevier County at one time had purchased Workman's Compensation Insurance, which is a waiver of immunity, and at one time had a fund covered by the insurance policy out of which to pay any compensation claim, that the policy now having failed, there is no longer any funds out of which to satisfy a compensation judgment; and, therefore, as a matter of law, would be again able to submit the defense of governmental immunity.''

In support of this insistence defendant relies upon cases wherein counties or a board of the county, such as a county school board, have procured liability insurance in case of torts committed by servants or employees are only liable for such an amount as the county or board may obtain on its liability policy. *Wilson v. Maury County*

*Board of Education,* 42 Tenn.App. 315, 302 S.W.2d 502 (1957); *Rogers v. Butler,* 170 Tenn. 125, 92 S.W.2d 414 (1936); *Gamble v. Vanderbilt University,* 138 Tenn. 616, 200 S.W. 510, L.R.A.1918C, 875 (1917).

There are other cases cited in defendant's brief in support of the above principle but all of them deal with the liability of a county for torts of its servants or employees.

■ However, the Workmen's Compensation Act is both elective and contractual. *Leonard v. Cranberry Furnace Company,* 150 Tenn. 346, 265 S.W. 543 (1924). And it becomes a part of every contract of employment when the law is accepted by employer and employee. *Hammett v. Vogue, Inc.,* 179 Tenn. 284, 165 S.W.2d 577 (1942). Thus, liability under the Act is contractual and not tortious and the above principle as insisted by defendant is not in point. Defendant accepted the Act by notice to the Division of Workmen's Compensation of the Department of Labor on October 5, 1960, as provided by T.C.A. Section 50-906(e). There is no evidence defendant at any time thereafter gave notice of withdrawal of its acceptance as provided by the same Section of T.C.A.

■ The fact the insurance carriers became insolvent would not, in our opinion, relieve defendant of its contractual liability under the Act.

In the case of *Town of Shelbyville v. Hamilton,* 170 Tenn. 297, 95 S.W.2d 43 (1936), the Town had accepted the provisions of the Act and had carried Workmen's Compensation Insurance, but had abandoned the insurance prior to Hamilton's injury. There was no proof the Town had withdrawn its acceptance. In disposing of the contention the Town was not operating under the Act at the time of Hamilton's injury, the Court said:

"Hamilton testified that he knew the town had accepted the act and did not know that it had withdrawn from its provisions. There is no evidence that defendant at any time prior to the date of petitioner's injury gave notice of withdrawal in the manner provided by section 6856(e) of the Code. Having accepted the provisions of the act and operated under it, the defendant is subject to its provisions until it withdraws its acceptance by giving notice to the commissioner of labor, as provided in the Code section above referred to. There is no evidence of any such withdrawal."

In the case at bar, defendant's compensation insurance was in effect at the time of petitioner's injuries and payments made to him until the carrier became insolvent. The fact defendant's insurance carrier became insolvent would not discharge its contractual obligation to petitioner.

Defendant admits in its brief counties may be sued on their contractual obligations. T.C.A. Section 5-105. We know of no law, nor are we cited to any by defendant, prohibiting suits against a County Highway Department on its contractual obligations.

It results all assignments of error are overruled and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.