**Edd GRIFFIN, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE
ASSOC., Appellee.**

No. 7926.

Court of Civil Appeals of Texas.

Amarillo.

April 7, 1969.

Rehearing Denied May 12, 1969.

Dean Dunlap, Amarillo, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, James H. Doores, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case. Edd Griffin, as plaintiff, hereinafter referred to as appellant, brought this suit against defendant, hereinafter referred to as appellee, pleading that on December 20, 1966 he sustained an accidental personal injury while working for the employer; that plaintiff was feeding suction and running gin stands when foreign bodies got into and lodged in his right eye to the extent and severity that it was necessary to remove the right eye so that as a result of said injury plaintiff immediately suffered loss of vision of said right eye and total loss of vision.

After plaintiff had introduced his evidence and rested, the defendant made a motion for instructed verdict. The court sustained the defendant's motion and decreed that the plaintiff take nothing by his suit and that defendant be discharged from all liability. From that judgment, appellant perfected this appeal.

Since this is an instructed verdict, we must consider the evidence in the light most favorable to the appellant. Conflicts in the evidence will be disregarded and every reasonable intendment reasonably deducible from the evidence must be indulged in favor of such party and against the verdict. Chamberlain v. North Central Investment Corp., 432 S.W.2d 581 (Tex.Civ.App., n. r. e.) and the many cases there cited.

Appellant's right eye had been defective since birth. The eye was crossed in towards the nose and the pupil was turned up. Appellant testified that he had never had any difficulty with his eye before December 20, 1966, but his vision in that eye had always been limited. Appellant further testified that while he was working he got something in his right eye and that he

wiped it out with his handkerchief, but in a few hours the eye became irritated, itchy and watered and pain started to build up in it; that he had been to see a doctor just about a week before December 20 to have his eyes checked and glasses to be changed; that on January 7, 1967, he first went to see Dr. Clark and at that time the sight was gone; that his eye sight had always been very limited; that his eye got worse; that his first visit to Dr. Howell was around March 14, 1967, and Dr. Howell later removed the eye.

█ Since there is evidence that appellant had some usable vision before the accident on December 20, if that was the only issue involved, we think he would be entitled to recover the amount provided for in Sec. 12, Art. 8306, R.C.S. It is stated in Texas Employers Insurance Assoc. v. Thrash, 136 S.W.2d 905 (Tex.Civ.App., writ dism'd) as follows:

"If at the time of the accidental injury to plaintiff's right eye he had therein any useable vision we think he would be entitled to recover the amount provided in Section 12 of the Article above cited for the total and permanent loss of the sight of his right eye. Hartford Accident & Indemnity Co. v. Leigh, Tex. Civ.App., 57 S.W.2d 605; City of Shelbyville v. Kendrick, 161 Tenn. 149, 29 S. W.2d 251; Travelers' Ins. Co. v. Richmond, Tex.Civ.App., 284 S.W. 698; Id., Tex.Com.App., 291 S.W. 1085."

But here, according to appellant's pleadings, it is contended that while he was feeding suction and running gin stands where foreign bodies got into and lodged in his eye to the extent and severity that it was necessary to remove his eye so that as a result of said injury plaintiff immediately suffered total loss and vision of his right eye. The question then is whether the fact that appellant got something in his eye was such proof of damage to the eye that it had to be removed. Art. 8306, Sec. 20 states that: "Wherever the terms 'injury' or 'personal injury' are used in the Workmen's Compensation Law of this state, such terms should be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

█ Under the pleadings herein the loss of sight was caused by the removal of the eye. There is no testimony by the doctor that removed the eye as to why it was necessary to remove the eye. The only evidence that appellant gave was that something got in his eye and it became irritated, etc. as above set out, but that is not such proof as to show damage to the physical structure of the eye as to cause its removal. The fact that appellant got something in his eye and it became irritated, etc. raises only a surmise or suspicion of the existence of the fact that it was necessary to remove the eye. It is stated in Houston Fire & Casualty Ins. Co. v. Biber, 146 S.W.2d 442 (Tex.Civ.App., judg. corr.) as follows:

"Where the evidence shows that a particular result may possibly have occurred by reason of several different causes, and it is not more reasonably probable that one of the causes was operative rather than the others, a finding of causal relationship between the result and a particular cause can not be sustained. Davis v. Castile, Tex.Com.App., 257 S.W. 870.

If the probative force of evidence be so weak that it raised only a surmise or suspicion of the existence of a fact sought to be established, that evidence in legal contemplation is 'no evidence' and will not support a finding which comprehends the existence of the disputed fact. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Austin v. Neiman, Tex.Com.App., 14 S.W.2d 794.

' "A presumption of fact can not rest upon a fact presumed, or in other words, one presumption can not be based upon another presumption, nor an inference of fact upon other inferences." ' 17 Tex. Jur. 247, Sec. 57. See also, Texas Em-

ployers' Insurance Association v. Ford, Tex.Civ.App., 93 S.W.2d 227."

See also Western Telephone Corporation of Texas v. McCann, 128 Tex. 582, 99 S. W.2d 895; Insurance Co. of North America v. Myers, 411 S.W.2d 710 (Tex.Sup.Ct.); Jacoby v. Texas Employers Insurance Assoc., 318 S.W.2d 921 (Tex.Civ.App., n. r. e.).

In this state of the record causal connection is left to surmise or conjecture with the factfinder having to make an arbitrary choice between unproven conclusions. In other words, a finding that because appellant received some object in his eye that it naturally required the eye should be removed. We hold that the burden cast by law upon the plaintiff has not been met and the trial court was correct in giving an instructed verdict.

Judgment of the trial court is affirmed.