**Edd GRIFFIN, Petitioner,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Respondent.**

**No. B–1617.**

Supreme Court of Texas.

Dec. 31, 1969.

Rehearing Denied Feb. 11, 1970.

**60**

Dean Dunlap, Amarillo, for petitioner.

Gibson, Oschner, Adkins, Harlan & Hankins, S. Tom Morris and James H. Doores, Amarillo, for respondent.

POPE, Justice.

Plaintiff, Edd Griffin, sued Texas Employers' Insurance Association to recover workmen's compensation for the total loss of use of his right eye. Sec. 12, Art. 8306, Vernon's Ann.Tex.Civ.Stats. After the plaintiff presented his evidence, the trial court sustained defendant's motion for instructed verdict. The motion asserted there was no evidence that the injury which plaintiff sustained was the producing cause of the loss of use of the eye. The defendant stated, as a reason that there was no evidence, that plaintiff failed to present any evidence of producing cause through a medical expert. The court of civil appeals affirmed the judgment. 441 S.W.2d 664.

This Court in granting the application for writ of error was of the tentative view that the question presented by the case was whether it was necessary for plaintiff to prove by expert medical testimony that the injury in reasonable medical probability caused the loss of use of the eye. Plaintiff produced no expert medical testimony. We now conclude, from an examination of the statement of facts, that we do not reach that question. Even if expert testimony was not required, plaintiff did not discharge his burden to prove even by lay testimony that the injury in reasonable probability caused the loss of use of the eye. We affirm the judgments of the courts below.

On December 20, 1966, plaintiff was working for the Lakeview Farmers Co-op Gin where he had worked for several years. He was working in a shed through which the wind was blowing at thirty or forty miles per hour. He testified that work around the cotton gin was a dusty and dirty operation. Something blew into his right eye and caused him to stop his work long enough to wipe some unidentified material from his eye with his handkerchief. He mentioned the event to the man working with him. He continued his work that day and thereafter until the gin season ended. Plaintiff said that a few hours after the material got in his eye, "The eye * * * felt irritated and itchy, and watered, and pain started to build up in it. I rocked along there, until we got through gin season." He said it was not uncommon for his eyes to get sore during the gin season but that there was nothing wrong with his eye before this accident. He did not go to a doctor about his eye until January 7, and an examination on that date showed that he had lost all sight in the eye. On March 14, plaintiff visited another doctor who surgically removed the eye sometime in early

April 1967. The only evidence that the injury on December 20 produced the loss of the use of the eye is found in these two statements by the plaintiff: "Well, as time went along, the fever in the eye, the pressure on the eye seemed to build up. It was inflamed, and it looked like any time it would just pop, blood would pop out of it."

One week before the injury plaintiff had gone to his regular eye doctor to have his eyes checked and his glasses changed. Plaintiff said that at that time his eyes had the "normal irritation that you have with your eyes through gin season." Plaintiff testified that his right eye had been crossed since birth, the pupil was "drawn to the inside and the pupil was turned up * * *", but he had enough vision in his right eye to see and identify a person who was standing at arm's length from him. Plaintiff's wife and two of his co-workers testified, but they said nothing concerning the condition of plaintiff's eye shortly after the injury or during the weeks following the injury.

We stated in Parker v. Employers Mutual Liability Insurance Co., 440 S.W.2d 43 (Tex.Sup.1969) that lay testimony is adequate in some cases to prove producing cause because the general experience or common sense of men is such that they can anticipate one event generally will follow another. An application of this rule is found in Insurance Company of North America v. Kneten, 440 S.W.2d 52 (Tex. Sup.1969). However, even in those cases in which expert medical testimony on causation is considered unnecessary, the lay testimony must prove at least that the injury in reasonable probability caused the claimed result. In some cases, lay testimony supplied this necessary proof by showing such circumstances as the nature and seriousness of the original injury; the immediate onset and the successive and continuous development of the symptoms or abnormality; or the progressive worsening of the condition. In such cases, lay proof of a sequence of events provided a strong, logically traceable connection between cause and result. Insurance Company of North America v. Kneten, supra; Lambert v. Houston Fire & Casualty Ins. Co., 260 S.W.2d 691 (Tex.Civ.App.1953, writ ref. n. r. e.); Atkinson v. United States Fidelity & Guaranty Co., 235 S.W.2d 509 (Tex. Civ.App.1950, writ ref. n. r. e.); Associated Employers Lloyds v. Self, 192 S.W.2d 902 (Tex.Civ.App.1946, writ ref. n. r. e.); Bowling v. Industrial Commission, 145 Ohio St. 23, 60 N.E.2d 479 (1945).

Plaintiff's very limited evidence in this case shows that he did not stop his work and he did not seek medical aid at the time of the injury or for more than two weeks thereafter. He did not tell his co-workers about the event. Neither he nor his wife testified about the development of symptoms which were traceable to the event on December 20. In our opinion, plaintiff's proof of producing cause rests upon speculation. If the proof only shows that one event followed another with a long period of time in between, it is at least as reasonable to conclude that the events are coincidentally related as causally related. The plaintiff failed to prove that the injury in reasonable probability produced the loss of vision of his right eye. Federal Underwriters Exchange v. Hightower, 161 S.W.2d 338 (Tex.Civ.App. 1943 writ ref.). Scott v. Liberty Mutual Insurance Company, 204 S.W.2d 16 (Tex. Civ.App.1947, writ ref. n. r. e.).

The judgments of the courts below are affirmed.

McGEE, J., dissenting.