**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Mrs. A. E. SELLERS, Appellee.**

**No. 6121.**

Court of Civil Appeals of Texas, El Paso.

Jan. 20, 1971.

Rehearing Denied Feb. 10, 1971.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, Lucius D. Bunton, Odessa, for appellant.

Burnett & Childs, Warren Burnett, Bob Hoblit, Odessa, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit for death benefits under the Workmen's Compensation Act, Article 8306, section 8, Vernon's Ann.Civ.St. Basis of the claim is that appellee's husband was accidentally injured while working on an oil well drilling rig by inhaling gas which caused his death. Judgment was for the plaintiff following trial to a jury. We reverse on a "no evidence" point as to causation, but remand in the interest of justice.

The judgment is based on four issues by which the jury found that the deceased, A. E. Sellers, suffered an injury, which was accidental; that his death was a natural result of such accidental injury, and that his death was not due solely to disease or other condition. Very meager evidence resulted from trial strategy by which the plaintiff offered a portion of a deposition of one witness, a portion of the testimony of another witness from a for-

mer trial, the testimony of the plaintiff-appellee, and rested. Defendant also rested at that point of the proceedings, moved for an instructed verdict, which was overruled, and the issues were submitted to the jury.

■ The assignment is made that there is no evidence that A. E. Sellers sustained an accidental injury which was a producing cause of his death. The assignment being that there is "no evidence", we may consider only that evidence, if any, which, viewed in its most favorable light, supports the jury findings, and we must disregard all evidence which would lead to a contrary result. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W. 2d 359 (1957).

The meager evidence in this case is that A. E. Sellers was 49 years of age and his health had been good until the day of his death. He was capable of, and was doing hard work, and there was nothing physically wrong with him. On the day of his death he had commenced work about 3:00 P.M., and about 4:00 P.M. the drilling contractor and his superintendent ("tool-pusher") drove up and found him on a walk off the rig floor in a bent-over position. He stated to them, "I got too much gas". He was assisted to a bed in a trailer house on the location, where he talked with the two men stating that his chest hurt, that he was having trouble breathing but did not want medical attention and thought he would be all right in a few minutes. He was perspiring quite a bit and his clothes were all wet. The next evidence in the time sequence is that his widow was notified about 6:45 P.M. that he had died. Other than that, the time of death is not fixed. The testimony is that gas was present, that it was, to the best of the witness' knowledge, sweet gas, which is not as poisonous as sour gas, but that either will make a man sick; that the witness had seen men get sick from gas exposure and had, on occasion, encountered it himself. That is the sum and substance of the evidence in its most favorable light, from which the jury determined that the deceased suffered an accidental injury and that his death was a natural result of such injury.

■ We are of the opinion that there is no evidence to support the jury finding that the death of A. E. Sellers was a natural result of his injuries. In making that determination we assume, without deciding, that he suffered an accidental injury (appellant's Point of Error No. 1).

The statute, Article 8306, section 8, provides that compensation shall be payable "if death should result from the injury * * *", and to meet that portion of the plaintiff's cause of action the jury was asked, and found, that A. E. Sellers' death "was a natural result" of his injury. Appellant has a point of error as to the form of the issue, but we overrule it on the basis that it was not preserved for review by a motion for new trial. Rule 324, Texas Rules of Civil Procedure. Our concern, then, is with the issue submitted and the evidence in support of it as worded. Is there evidence that this death was a natural result of the inhalation of the gas? More precisely, the legal test is—from the evidence, is it reasonably probable that death was caused by the inhalation of the gas? In Parker v. Employers Mutual Liability Ins. Co. of Wis., 440 S.W.2d 43 (Tex.Sup.1969), the Supreme Court quoted from its opinion in Insurance Co. of North America v. Myers, as follows:

"'Causal connection * * * must rest in reasonable probabilities; otherwise, the inference that such actually did occur can be no more than speculation or conjecture.' 411 S.W.2d 710, 713."

And again, in Griffin v. Texas Employers Insurance Association, 450 S.W.2d 59 (1970), the Supreme Court, speaking through Justice Pope, said:

"We stated in Parker v. Employers Mutual Liability Insurance Co., 440 S

**38**

W.2d 43 (Tex.Sup.1969) that lay testimony is adequate in some cases to prove producing cause because the general experience or common sense of men is such that they can anticipate one event generally will follow another. An application of this rule is found in Insurance Company of North America v. Kneten, 440 S.W.2d 52 (Tex.Sup.1969). However, even in those cases in which expert medical testimony on causation is considered unnecessary, the lay testimony must prove at least that the injury in reasonable probability caused the claimed result. In some cases, lay testimony supplied this necessary proof by showing such circumstances as the nature and seriousness of the original injury; the immediate onset and the successive and continuous development of the symptoms or abnormality; or the progressive worsening of the condition. In such cases, lay proof of a sequence of events provided a strong, logically traceable connection between cause and result." (Citing numerous authorities). The sequence of events in the case before us is that an apparently healthy man incurred an injury which makes men sick, and some hours later he was dead. The seriousness of the original injury is that it makes men sick. How sick? There is no proof that it causes death. The man who said it makes men sick had himself experienced it, and was alive. Does that make for "a strong, logically traceable connection" between inhalation of gas and death? Is it within "the general experience or common sense of men" that they could anticipate that the event of death would follow the event of inhalation of gas? We are of the opinion that the finding that death was a natural result of the inhalation of gas does not rest in reasonable probability.

■ Under Rule 434, T.R.C.P., when a Court of Civil Appeals sustains a "no evidence" point, it is generally the court's duty to render judgment for the appellant because that is the judgment the trial

court should have rendered. Rule 434 also provides, however, that the cause shall be remanded for a new trial "when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain * * *". This phrase has been interpreted to grant to the courts of civil appeals discretion to remand if the justice of the case demands another trial. National Life and Accident Insurance Co. v. Blagg, 438 S.W. 2d 905 (Tex.Sup.1969). In the exercise of our discretion, we remand, in the belief that justice demands that a matter so important to both parties not be determined on such meager evidence as was presented.

The judgment of the trial court is reversed and the cause remanded for another trial.

RAMSEY, C. J., not sitting.