**TEXAS EMPLOYERS INSURANCE AS-SOCIATION, Appellant,**

v.

**Sam WHITE, Appellee.**

**No. 12035.**

Court of Civil Appeals of Texas, Austin.

June 20, 1973.

Rehearing Denied July 18, 1973.

Barry K. Bishop, Barham Bratton, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellant.

Joe Colbert, Austin, for appellee.

SHANNON, Justice.

Appellant Texas Employers Insurance Association, appeals from a judgment entered in a workmen's compensation case by the district court of Travis County in favor of appellee, Sam White.

The jury answered special issues that appellee was totally and permanently incapacitated as the result of a low back injury suffered by him on January 20, 1971, while

in the course of his employment for L. East Produce Company in Austin. The jury failed to find that all of appellee's incapacity was solely caused by a pre-existing hereditary nervous-muscular disease.

By no evidence and insufficient evidence points appellant complains of the answers of the jury that the injury was a producing cause of appellee's total incapacity and that the total incapacity was permanent.

Appellant characterizes the question for decision to be one of whether the jury may find that the injury produced total and permanent incapacity contrary to all of the medical testimony. Appellant claims that this case is in that category of cases wherein expert medical testimony is required to show that the injury in reasonable medical probability was the producing cause of the total and permanent disability. In support of its position appellant relies on the concurring opinion of Justice Greenhill in Insurance Company of North America v. Kneten, 440 S.W.2d 52, 54 (Tex.1969) and Griffin v. Texas Employers' Insurance Association, 450 S.W.2d 59 (Tex.1969).

It is not necessary that this Court pass on whether the facts of this appeal bring it within the class of cases which require expert medical testimony to prove causation, since a close examination of the statement of facts shows that appellee by expert medical testimony placed before the jury some evidence of causation.

A resume of the facts follows. Appellee is a fifty-six year old laborer with little education. He has always worked with his hands and has no training, education, or skills to equip him for other work. His work record was good, and before his injury, appellee had worked for L. East Produce Company for about six years. His job at the produce company was delivery man. In the twelve months preceding the injury he had worked 299 days for the produce company.

On January 20, 1971, appellee injured his lower back when he bent over to lift a box of chickens weighing sixty to one hundred pounds. He finished that day, but was off work for four or five days because of pain in his low back. After that time he attempted to return to the job but because of the severity of pain he stopped working.

From the date of injury until the time of trial, appellee suffered with pain in his back. His limitations were the classic ones of inability to stoop, bend, sit, stand, or walk without pain in his low back. Appellee testified that about all he could do was to "piddle around" in the garden and wash dishes for his wife. Appellee testified that because of the pain he could not work at the time of trial, and that based on his past condition he did not think that he could work any more.

Between the time of injury and trial, appellee was examined by the company physician for the produce company, Dr. Samuel P. Tadaro; an orthopedic surgeon, Dr. Jack A. Kern; a neurologist, Dr. Peter W. Werner; and a neurosurgeon, Dr. William R. Turpin. Appellee placed in evidence the records of Dr. Tadaro. Those records showed that Dr. Tadaro diagnosed appellee as having suffered a severe lumbosacral sprain or strain with, perhaps, a questionable injury to a disc. The reference to the disc was made by the following notation, "? disc." Dr. Tadaro noted that the time when appellee could return to work was "undetermined."

Dr. Tadaro referred appellee to Dr. Turpin and Dr. Kern. Dr. Turpin, in turn, consulted with Dr. Werner about appellee's condition.

Upon examination and evaluation it was agreed that appellee had suffered a strain or sprain in the low back. It was also agreed that appellee suffered from a hereditary nervous-muscular disease in the lower extremities which pre-dated the injury. Both Drs. Kern and Turpin ruled out the nervous-muscular disease as the source

of any sudden onset of pain in appellee's low back.

The area of disagreement was whether or not appellee also suffered an injury to a disc in the low back on January 20, 1971. A showing of disc injury was of importance to appellee in his efforts to convince the jury that his incapacity was permanent since a strain or sprain of the low back usually clears up in a matter of months, while a disc injury does not.

Other than the notation in the records of Dr. Tadaro, most of the evidence relating to disc condition came from Dr. Kern. Dr. Kern was of the opinion that at the time of his examination of appellee, some two months after the injury, he was incapacitated to work. Dr. Kern testified that appellee had a severely degenerative disc condition, which tends to be more susceptible to injury than is a normal disc condition. He also testified that the myelogram of appellee was questionably positive for disc injury. Dr. Cunyus, the radiologist, reported that the myelogram might represent a herniation of the L–5 disc. Though Dr. Turpin thought the myelogram was normal, he, as well, said that it could be called "questionably positive" or, perhaps, "positive." Dr. Kern was of the opinion that as the result of the injury, appellee was going to continue to have back pains intermittently, and based upon his experience and the reasonable medical probabilities, he testified that the pain would be permanent.

By a cross-point appellee says that, as the appeal was taken for purposes of delay and in an effort to obtain a discount from appellee on the amount of the judgment for settlement purposes, this Court should assess damages against appellant in the amount of ten percent of the judgment under the authority of Texas Rules of Civil Procedure 435 and 438. From a review of the record we are unable to conclude that the appeal was frivolous, and accordingly, we will overrule the cross-point.

Affirmed.